Opinion of the Court,
by Judge Owsley.
THIS was an action of covenant, brought by Young upon the following instrument of writing:
“On or before the 25th of December, 1819, we promise to pay Aaron H. Young, the sum of one hundred and twenty dollars, for the hire of a negro man, named Dick, from this time until the said 25th of December, 1819, to be returned well clothed at that time. As witness our hands and seals, this 29th of December, 1818.
John & Horatio Bruce.”
The declaration sets out the writing in the usual form, and alleges for breach,
1st. That the said John and Horatio, have not paid the one hundred and twenty dollars, or any part thereof, to the said Young, &c.
2d. That they did not, on the 25th of December, 1819, or at any time since, return the said slave, Dick, to the said Young, &c.
*325 For answer to the second breach, the Bruces pleaded, that during the term for which they hired the slave, and on the —— day of July, 1819, without any fault of theirs, and by inevitable accident, the slave, Dick, was drowned in the Ohio river, whereby they were prevented from returning him to Young, on the day mentioned &c.
To this plea, Young demurred, and the demurrer being joined by the Bruces, judgment was rendered by the court overruling the demurrer.
The sole question prsented for the determination of this court, involves the inquiry, whether or not the demurrer was correctly overruled.
The solution of this question, turns exclusively upon the construction to be given to the writing upon which the action of Young is founded. If the writing be understood to contain a covenant to ensure the return of the slave to Young, let what might happen, then, as the plea admits that he never was returned, the court must have erred in overruling the demurrer; but if the writing be construed not to ensure the return, in case of the death of the slave, the plea which alleges the fact of the slave having died before the time he was to have been returned, must be admitted to contain a sufficient answer to the second breach assigned in the declaration.
It was by construing the writing in this latter sense, that the demurrer was overruled by the Court below; and it is in that sense we suppose it should be construed. It was, no doubt, competent for the parties to contract upon terms most acceptable to themselves, and it is incumbent upon the court, to effectuate the contract according to what may be their supposed intention; but it is not inferrable, from any thing contained in the writing upon which this action is founded, that the contracting parties intended to ensure a return of the slave, in case of his death. The writing contains no express stipulation to that effect, and there is not such an inadequacy between what may be supposed the value of a year’s service of the slave, and the price agreed to be paid by the Bruces, as. to afford any rational inducement for them, in addition to the hire which they were to pay, to ensure the life of the slave. It is true, according to the literal import of the stipulation to return the slave, it might have been performed after the slave died; but we cannot, for a moment, indulge the inde *326 cent supposition, that the parties intended to contract for the delivery of a dead slave.
The construction which we have thus given to the writing, not only conforms to what we suppose to have been most probably intended by the parties; but it is supported by high judicial authority. It was decided by the appellate court of Virginia, that a covenant by a person hiring a slave, to return him at the end of a year, is not to be considered as a covenant to ensure such return, in the event of his death in the mean time. 5 Mun. 483, 490.
It results, that the judgment must be affirmed with costs.