# Graham & Butler *vs* Chatoque Bank, &c.

ERROR TO THE LOUISVILLE CHANCRY CHURT.

*Guardian and ward. Lien. Vendor and vendee.*

JUDGE MARSHALL delivered the opinion of the Court.

In May, 1837, A. K. Sewell, guardian of G. W. Camden and Elizabeth Camden, guardian of J. and W. Camden, and widow of George S. Camden, of whom the three wards were the heirs, leased to one Dupont, for ten years, and upon a ground rent of $200, payable quarterly, a lot of vacant ground in the city of Louisville, fronting 35 feet on Jefferson, and 105 feet on Seventh Cross street, which was undivided, and in which the dower of said widow had not been assigned, with covenants on the part of the lessee, to erect thereon certain described buildings, to cost $3500, &c., and with covenant on the part of the lessors, that he and his assigns should enjoy, &c. during the term; and should at its expiration be paid the value of the improvements at that time, or should be permitted to continue in the occupation of the premises until such value should be paid by the reasonable rent, the value of the improvements and of the rent, to be estimated in a mode prescribed in the instrument. In July, 1838, the buildings having been erected as prescribed in the lease, the mechanics and materials-men, who had claims on account of it, filed their bill in the Louis-

CHANCERY.

*Case* 14.

*Sept.* 16.

The case stated.

5m 45
90 608

GRAHAM & BUT-
LER
*vs*
CHATOQUE BANK.

ville Chancery Court, to enforce their liens therefor to the amount of more than $2700, and on the same day, by consent of Dupont, the only defendant, a decree of sale was pronounced, reserving to the lessors $211 33 cents, of the proceeds, due for ground rent. At the sale, which was regularly made on the 24th of July, 1838, Graham and Butler, two of the complainants, purchased the leasehold &c. at the price of $2200, payable in six, twelve and eighteen months; and on the same day, sold and conveyed the same to Mrs. Elizabeth Camden, at the price of $3000, payable in one, two and three years, except the $211 33 cents, due for ground rent, which was considered as paid in hand. For the residue, a lien was reserved, and notes taken, the first for $788 67 cents, due in one year, and two others for $1000 each, due in two and three years, from the 24th of July, 1838. These notes were all assigned; and suit having been brought upon the first one, and judgment obtained, the execution thereon was returned 'no property;' and Graham and Butler have become the proprietors of the judgment. The note for $1000, due in July, 1840, came by several assignments to the Chatoque Bank (of the State of New York.) And without having first sued at law, that Bank, on the 28th of January, 1841, filed this bill against Graham and Butler, and A. K. Sewell and Elizabeth Camden, and their wards, praying to enforce for the satisfaction of said note, the lien reserved in the deed of Graham and Butler to Mrs. Camden, and in case the lease by the guardian should be deemed invalid, praying a decree over against Graham and Butler, who deny their liability as assignors, for want of diligence on the part of the Bank, and stating that they had assigned the third note to one Dolloff, pray that if the lien should be enforced, the judgment held by them may come in for a share of the proceeds.

Mrs. Camden, by way of cross bill, prays that the sale

Mrs. Camden's answer and cross bill.

from Graham and Butler to her, may be rescinded, alledging in substance, that she was ignorant of the price at which they had purchased; that they represented the property to be worth $3000; that confiding in their friendship, and their supposed interest in her affairs; in their representations that she was able, and they would make her

able to pay, though she told them she was not able, and in their promises of indulgence, and expecting on all these grounds, that if she should be unable to pay, they would take back the property, she made the contract; but finding afterwards that the houses were not well finished nor convenient or suitable, and that she could not pay, &c., she had made repeated offers to rescind, which they had refused, and she charges fraud in the sale. The allegations of this cross bill are denied, and there is no proof but that which may be drawn from the documents and the pleadings.

George S. Camden having arrived at full age, denies the power of the guardian to make the lease, and repudiates it, unless Graham and Butler will rescind their sale to his step-mother, Mrs. Camden, in which case he says he will confirm it. And J. and W. Camden, the children and wards of Mrs. E. Camden, who are still infants, answer by their guardian *ad litem*, also denying the power of their guardians to make the lease. There are no depositions except one, relating exclusively to the assignment of the note, and the character and title of the Chatoque Bank.

On final hearing, the Chancellor being of opinion that the guardians exceeded their authority in making the lease, pronounced it void. And being also of opinion that the sale from Graham and Butler to Mrs. Camden, was unfair, rescinded that contract on her cross bill, and dismissing the bill, and prayers for a sale under the lien reserved, decreed Graham and Butler to pay the Chatoque Bank the amout of the note held by them.

We cannot concur in the grounds, or the result of this decree. Mrs. Camden had her dower interest in the lot, being one third, during her life, and she and Sewell had a right to control and manage the interests of their wards during their respective minorities, unless for gross misbehavior or mismanagement, the disposition of their wards' estate, made by them, should be set aside. The lease does not exhibit in its terms, any evidence of such mismanagement. On the contrary, as the lot in its unimproved condition, would be unprofitable for use, and could bring in no income, an arrangement by which a reasonable ground rent should be secured without any unreasonable

GRAHAM & BUT-
LER
vs
CHATOQUE BANK.

burthen upon the heirs, should be deemed advantageous to them. And, therefore, if it be conceded that each of the heirs might, on coming of age, enter upon his portion, and enjoy it freed from any incumbrance attempted to be placed upon it by the guardians, the lease should still be availing to the extent of one third of the lot, so long as the dower estate continued, and for the residue until the heirs should respectively arrive at full age, and elect to avoid it. And if the covenants for enjoyment by the lessee, during the term, and for remuneration for improvements afterwards, should, beyond this extent, be deemed ineffectual as a charge against the heirs personally, or against their respective interests in the lot, still as they form the consideration for the ground rent, and for the erection of improvements at the cost of the lessee; they would undoubtedly be personally binding upon the guardians themselves, who in effect stand as guarantors of the lease, and of all the benefits and recompense which it promises to the lessee or his assigns.

In the most unfavorable aspect then, the lease was not only not void, but to the extent above indicated, was available, as securing an interest in the land. And, as far as Mrs. Camden is concerned, its value might properly be estimated as if it were to all intents, and in all its provisions, valid and effectual. And there being no evidence that $3000 was more than its value, thus considered, when Mrs. Camden purchased it from Graham and Butler, and no evidence of any fraud, imposition, undue advantage, or inequality in that transaction, we perceive no sufficient grounds for setting it aside, and especially after Mrs. Camden had occupied for a considerable portion of the term, and less than half of it remained. She had guarantied in effect, the sufficiency of the lease for the whole term, and a fair remuneration for the improvements afterwards. The real change in her condition, affected by her purchase, if she had completed it, is that the extent of her liability on this guaranty is limited, and the liability virtually merged, while she is to occupy the lot and enjoy the improvements as long as the lease is effectual to secure these advantages'; and the question of ultimate remuneration will be left between her and the heir

of her husband, two of them being her own children. And as $3000 cannot be presumed to have been more than a moderate estimate of the value of the lease and its covenants as guarantied by her, she has no right to complain, if Graham and Butler had made a speculation in their purchase and sale. But in truth they and all the other complainants in the suit for enforcing the lien of the builders, were losers, if the lease was worth no more than was paid for it at the sale; and the advance obtained upon the re-sale, considering the difference in the terms, may not have furnished more than an indemnity. And certainly did not, if Graham and Butler were acting for all the complainants.

It follows from these views, that as there was a valuable and sufficient subsisting consideration for the notes of Mrs. Camden to Graham and Butler, and as the sale ought not to be rescinded, the Chatoque Bank was not entitled to a decree against them as assignors, on the ground of a want or failure of consideration of the note assigned, and having failed to show due diligence by suit at law against the obligor, they are not entitled to such decree, on the ordinary grounds of liability between assignor and assignee. But as there was, and still is, a valuable and subsisting interest under the lease, on which the lien reserved in the deed of Graham and Butler to Mrs. Camden, attached, and to which it still adheres, we think the Bank and Graham and Butler show an equity for the enforcement of the lien, by a sale of that interest.

But as the holder of the third note executed by Mrs. Camden to Graham and Butler, for the purchase of the lease, is entitled to share ratably in the proceeds of such sale, and he has not been brought before the Court, the suit was not and is not in a state of preparation for decreeing the sale; and the most that can now be done, upon reversing the decree which has been rendered, is to ascertain the interest which is subject to the lien, and to direct the steps necessary for a fair sale.

First, then, it will be proper to divide the lot as if it were unimproved, assigning one third thereof in value as the dower of Mrs. Camden, and dividing the residue equally according to value, between the three heirs, laying

*Margin notes:*

GRAHAM & BUTLER
*vs*
CHATOQUE BANK.

The assignee of a note given as the consideration of the sale of a leasehold estate, to which a lien attaches for the payment of the note, has no recourse against the assignor, without diligence by suit at law, and exhausting the lien on the estate for which it was given.—

—All persons holding notes given as the consideration for land sold, are interested in the lien, and necessary parties to a suit to enforce it.

GRAHAM & BUT-
LER
vs
CHATOQUE BANK.

off each portion in as convenient form as may be, having respect to the interest of all, and alotting for dower, as far as practicable, that part of the lot which has the most valuable improvements on it. And if George W. Camden should still elect to enter npon his portion, alotting to him as far as practicable, that part of the lot on which are the least valuable improvements, and the lease upon the residue excepting his share, will be the interest to be sold, subject to be determined by the determination of the dower estate as to the part covered by the dower, and the election of the heir to enter thereon, and as to the respective interests in the residue; by the arrival of the several owners at their full age, and the election of each owner to defeat the lease. And the same principle will apply, should George W. Camden not elect to enter on his portion before the expiration of the lease.

Second. Assuming that the lease was advantageous to the wards, and being of opinion that the lessee having placed improvements on the lot, with the sanction and by authority of their guardians, does not occupy the condition of a tortious or officious intermedler with their estatate, we think it would be inequitable for the heirs to enter upon the land and take the improvements, after having also received advantage from them in the ground rent reserved, without making a fair remuneration to the extent that their land has been actually and beneficially ameliorated. To this extent, therefore, George W. Camden, should he elect to enter on his portion of the lot, should be decreed to make remuneration, which should go as the proceeds of the lien to the discharge of the notes of Mrs. Camden to Graham and Butler. And to the extent that the interest in said lot shall be sold, the purchaser should acquire a right to a similar remuneration upon the termination of the lease as to any part, either by lapse of time or by the entry of either or all of the heirs. But the heirs, and each of them, have the right of making such remuneration, by permitting a further occupation of the premises, according to the provisions of the lease.

Wherefore, the decree is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Guthrie* for plaintiffs: *Thurston* for defendants.