CHIEF JUSTICE HARDIN
delivered the opinion op the court.
The appellee, Thomas H. Wilson, having recovered a judgment in an action against John W. Tomlinson, the latter brought his suit in equity seeking to avoid the payment of two hundred and thirty dollars of the judgment, and to stay its collection pending the litigation. He obtained an injunction, which was issued upon his executing the appropriate injunction bond, with W. H. Winn his surety. The injunction being afterward dissolved, and a judgment rendered against Tomlinson for costs and damages, he appealed from that judgment to this court, and obtained a supersedeas suspending it upon executing bond for that purpose under section 887 of the Civil Code of Practice, witli the appellant A. R. Steele his surety, covenanting, in substance and effect, that Tomlinson would pay *700 to Wilson all costs and damages that might be adjudged against him on the appeal, and also that he would satisfy and perform the said judgment in case it should be affirmed, and any judgment or order which the Court of Appeals might render or order to be rendered by the inferior court, not exceeding the amount or value of the judgment aforesaid.
This court affirmed the judgment and awarded damages thereon, which were accordingly adjudged against Tomlinson in the lower court.
Afterward this action was brought on the supersedeas bond against Steele by Thomas H. Wilson and Harvey Wilson, for the benefit of the latter, to recover not only the costs and damages adjudged on dissolving the injunction, and the costs adjudged and damages awarded in this court, but also the amount of the two hundred and thirty dollars, the collection of which had been stayed by the injunction; and upon the failure of the defendant to answer the court rendered a judgment against him for the several amounts claimed in the petition, from which the defendant has appealed to this court.
If the bond of the appellant contains any stipulation binding him to pay the debt previously enjoined, in the event that this court should affirm the judgment dissolving the injunction, it must be in the covenant that Tomlinson would in that event “ satisfy and perform the said judgment.” But we do not see that in dissolving the injunction the court below imposed any new obligation on Tomlinson; but, in our opinion, that part of the judgment simply deprived him of a temporary benefit he had before acquired of obstructing the collection of two hundred and thirty dollars of the former judgment, and operated to fix the responsibility of Tomlinson and Winn upon the injunction bond, while the residue of the judgment legally constituted a breach of the stipulations of the appeal or supersedeas bond for securing costs and damages. This construction is fortified and sustained by the case of *701 Talbot v. Morton, &c. (5 Litt. 326), involving the construction of the act of February 1, 1812 (1 M. &. B. 135), which, in the form of bond therein prescribed, is not essentially different from the provisions of section 887 of our Civil Code, so far at least as the particular stipulation of the bond now under consideration is concerned.
We are of the opinion therefore that as to the sum of two hundred and thirty dollars, and interest thereon, the judgment was unauthorized and is erroneous.
Wherefore the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.