CASE 83—RULE—JUNE 15.

# Elizabethtown, &c., Railroad Company v. Ashland, &c., Street Railway Company.

### APPEAL FROM BOYD CIRCUIT COURT.

1. SUPERSEDEAS' OF JUDGMENT DISSOLVING INJUNCTION.—When on final hearing an injunction has been dissolved, the execution by plaintiff of a supersedeas bond and the service of an order of supersedeas leave the injunction in full force, and the defendant is guilty of contempt if he disregards it.

2. FINAL ORDER.—As a judgment dismissing plaintiff's petition and dissolving his injunction disposed of all the issues in the case, it was final, although a counter-claim filed by defendant was not in terms disposed of.

3. REINSTATEMENT OF INJUNCTION.—When on final hearing an injunction is dissolved, the right to apply for reinstatement does not exist, although time be given for that purpose. The only remedy is by appeal.

4. WHERE A RAILROAD COMPANY HAS ENJOINED A STREET RAILWAY COMPANY FROM CROSSING ITS TRACK at a certain point, the fact that the plaintiff is about to construct an additional track at the point of the proposed intersection, and thus change the situation so that the defendant may not be able to enforce its judgment after it shall have obtained it, affords no justification for the defendant's plain violation of the order of injunction.

5. SAME—CONTEMPT.—The appellee, having constructed its road across the track of appellant at the point where it had been enjoined from constructing its road, is in contempt, and the only process of purging the contempt is to remove the obnoxious track.

WADSWORTH & COCHRAN, HUMPHREY & DAVIE AND H. T. WICKHAM FOR APPELLANTS.

1. The Kentucky-rule (whatever it may be elsewhere) is, that where a preliminary injunction is issued, and it is by the final judgment dissolved, and an appeal is prayed, and the final judgment is "superseded," the effect is to leave the preliminary injunction in full force pending the appeal. (Smith v. Western U. Tel. Co., 83 Ky., 279; K. & I. Bridge Co. v. Krieger, 91 Ky., 625.)

2. The fact that the court below, after dissolving the injunction and granting an appeal from that decision, went on to give the plaintiff twenty days' time to apply to the appellate court for a reinstatement,

Elizabethtown, &c., Railroad Co. v. Ashland, &c., Street Railway Co.

did not change the rule. After the appeal was granted, the case was no longer in the lower court, and it could make no orders in the case. (Prentice v. Wallis, 37 Miss., 184; Keyser v. Ferr, 105 U. S., 266; Lynn v. Carrick, 15 Iowa, 445; State v. Judge, 36 La. Ann., 192)

3. The provision of the Code authorizing the lower court to give time to apply to the appellate court for a reinstatement of injunctions, only applies to cases where the injunction has been dissolved upon a motion to dissolve, and does not apply to cases where the injunction is dissolved on final hearing. (Pendergest v. Heekin, &c., 15 Ky. Law Rep., 180 (22 S. W. R., 605.)

4. If there is a motion to dissolve, and that motion is not disposed of until the time of the final hearing, and the injunction is dissolved as a part of the action on the final hearing, it will be treated not as dissolved on motion so as to cause the provisions for a reinstatement to apply, but as dissolved by the final decree, so that an appeal and supersedeas will at once lie. (Yocum v. Moore, 4 Bibb., 221; Pendergest. v. Heekin, 15 Ky. Law Rep., 180.)

5. The claim (even if true) that the appellant is about to commit a wrong on the appellee, or that in the appellee's opinion, justice or public right requires it, will not justify appellee in ignoring the order of supersedeas and violating the injunction. (K. & I. Bridge Co. v. Krieger, 91 Ky., 633.)

FAIRLEIGH & STRAUS AND KNOTT & EDELEN FOR APPELLEE.

1. The court is earnestly asked to again consider the ground supporting the doctrine that a plaintiff may, by his act of superseding a final decree dissolving a preliminary injunction, continue the injunction in full force pending the appeal, and to overrule Smith v. Western Union Tel. Co., 83 Ky., 269. (Yocum v. Moore, 4 Bibb., 221; 15 Ves. Jr., 184, Summers' ed.; 2 High on Injunctions, sec. 1709; Wood v. Dwight, 7 Johns. Chy., 295; McMinnville R. Co. v. Higgins, 7 Col.; 217; Mabry v. Ross, 1 Heisk., 769; Redman v. Redman, 1 Tenn., 361; Powell v. Parker, 38 Ga., 647; Garrow v. Carpenter, 4 Stew. & P., 336 (Ala.); Gregory v. Scofield, 1 Hals. Ch., 525 (N. J.); Brevort v. Detroit, 24 Mich., 322; Carrington v. Sweeney, 2 McArthur, 68 (Dist. Columbia); Slaughter House Cases, 10 Wall., 273; Harvey v. McDonald, 109 U. S., 150.)

2. The judgment appealed from is not final for the purposes of an appeal. All the issues must be disposed of before the judgment is final. (Freeman on Judgments, secs. 20, 29–4, 34; Black on Judgments, sec. 24; Am. & Eng. Enc. of Law, Titles, Judgments and Decrees; 23 Wall., 420; 132 U. S., 207; 75 Texas, 82; Ayers v. Carver, 17 How.)

3. Are the appellants in a position to ask a court of equity to enforce an

injunction for their benefit in view of their conduct in altering the physical condition of the tracks and road-bed at the point of intersection ?

A party will not be heard in a court of equity to ask relief when he is himself at fault about the very matter about which he seeks relief. (Rapalje on Contempts, secs. 12, 21.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellant, desiring to prevent the appellee from crossing its track at grade at a point south-east of Ashland, Kentucky, on November 2, 1892, filed its petition in the Boyd Circuit Court, and obtained an injunction appropriate for the purpose sought. After filing its answer and counter-claim, and giving notice of motion to dissolve the injunction, the appellee filed a general demurrer to the petition. It was sustained, as was also the motion to dissolve. The plaintiff declining to amend or further plead, its petition was dismissed, and a judgment for the costs of the action was rendered against it. From this judgment the plaintiff was granted an appeal to this court, where it is still pending. It executed in the office of the lower court a supersedeas bond, the force and effect of which on the order of injunction theretofore granted is the sole question on the motion now under consideration. The appellee, contending that the injunction was no longer in force, proceeded to construct its line of street railway across the track of the appellant at the point where it had been prohibited from building its line, doing its work in the night, and without the knowledge or consent of the appellant; hence this proceeding to punish the appellee for contempt. Therefore, as has been said, the question is as to the legal effect of the execution of the supersedeas bond with respect to the injunction.

In the case of Smith v. Telegraph Co., 83 Ky., 270, the precise question now under consideration was involved. It was held that when, on final hearing, an injunction has been dissolved, the execution of a supersedeas bond by the plaintiff and the service of an order of supersedeas leaves the injunction in full force, and the defendant is guilty of contempt if he disregards it. This doctrine was approved in the case of Ky. & Ind. Bridge Co. v. Krieger, 91 Ky., 625, and may be regarded as the well-settled rule in this State. Whether, therefore, the injunction be perpetuated or dissolved when the proceeding on the judgment is stayed by the execution of a supersedeas bond, as provided by the express language of the Civil Code (section 752), defining the supersedeas, the judgment itself, upon authority quoted, is suspended or stayed, and the parties stand as if it had not been rendered. The execution of the supersedeas bond and service of the supersedeas may be regarded as operating retroactively on the judgment rendered, rather than as reviving the dissolved injunction. It effects, therefore, not merely to stay proceeding on the judgment, but to suspend the judgment itself. Mr. High is thus quoted as announcing a contrary doctrine: "An appeal, being merely the act of the party, can not of itself affect the validity of the order of the court, nor can it give new life and force to an injunction which the court has decreed no longer to exist. It follows, therefore, that an appeal from a decree dissolving an injunction can not have the effect of reviving the injunction, and of continuing in force, by the mere act of the party appealing, a judicial order which has been set aside." 2

482 KENTUCKY REPORTS. [Vol. 94.

Elizabethtown, &c., Railroad Co. v. Ashland, &c., Street Railway Co.

High, Inj., section 1709. Apparently, the learned author is considering the effect of an appeal merely on the order of injunction, and not the stay or sus-pension provided for by statutory regulation, such as we have seen exists in Kentucky. His language,. "nor can it give new life and force to an injunction which the court has decreed no longer to exist," is certainly not applicable to a case where the very judg-ment which decrees "an injunction no longer to exist" is stayed or suspended by statutory regulation. The mere appeal of which the author wrote doubtless stayed future proceedings in execution of the judg-ment, but we must give broader effect to the stay provided for in our Code, and hold that the entire force of the judgment is stayed and rendered tem-porarily nugatory by the execution and service of the supersedeas, thus leaving the injunction where it was, before the rendition of the suspended judgment.

It is contended, however, that the injunction was dissolved *pendente lite*, and the supersedeas issued on an interlocutory judgment; that, while final in form, the judgment was not so in fact. As we have seen, the defendant filed an answer and counter-claim.. It is claimed that "the cardinal fact of plaintiff's pe-tition was the impracticability of joint occupancy at, the point of the proposed intersection, and the car-dinal fact of the counter-claim was the converse of this averment;" that, therefore, the counter-claim not being disposed of by the judgment, the case to that extent is still pending, and the order sustaining the demurrer and dismissing the petition, with costs, is not a final order; that the supersedeas, therefore, was.

issued imprudently, and is void; hence has no effi-
cacy towards staying the judgment or reviving the
injunction.  The bare statement of this contention—
and we have made it substantially in the language
of the learned counsel for the appellee—carries with
it its own answer.  If the cardinal facts of the so-
called "counter-claim" were the converse of the car-
dinal facts of the plaintiff's petition, the pleading,
which was in name a "counter-claim," was in fact
merely an "answer."  Certain it is that the dismissal
of the petition disposed of all the issues in the case,
and was, therefore, final.  It does not occur to us, as
is feared by counsel, that the issues were segregated,
or that there is danger that they may not find their
way together again.

It is said, however, that as the judgment of the dis-
missal and dissolution gave the plaintiff leave to apply
for a reinstatement of the injunction, and continued it
in force for twenty days after its rendition, the remedy
was by such application, and not by the execution of
the supersedeas bond.  It seems clear to us that such
a remedy was not open to the plaintiff.  In Pendergest
v. Heekin, 94 Ky., 384, it was distinctly held that when,
on final judgment, an injunction is dissolved, the right
to apply for reinstatement does not exist, but that the
only remedy is by an appeal.  But, say counsel for the
appellee, the plaintiff is about to construct an addi-
tional track at the point of the proposed intersection,
thus so changing the situation that the appellee may
not be able to enforce its judgment after it shall have
obtained it.  It seems to us, however, that, while this
may be a matter for future inquiry and regulation, it

affords no justification for appellee's plain violation
of the order of injunction. As to the appellee com-
pany and respondents Ringo, Wellman and Hughes,
the rule is made absolute, and dismissed as to the
other respondents. The only process of purging the
contempt is to remove the obnoxious track placed at
the point of intersection on the night of the 10th of
May, 1893, which is now directed to be done by July
1st, next.