Worsham v. Lancaster.

---

CASE 108—MOTION FOR DAMAGES ON SUPERSEDEAS BOND—
NOVEMBER 30.

## Worsham v. Lancaster.

APPEAL FROM FAYETTE CIRCUIT COURT.

SUPERSEDEAS BOND—DAMAGES—LIMITED TO JUDGMENTS FOR MONEY.
—Section 764 of the Civil Code providing for damages on affirmance is limited in its application to judgments for the payment of money which may be enforced by execution or similar process. Damages can not be awarded upon a judgment adjudging that plaintiffs are the owners of three-fifths of a designated tract of land and allowing them rent at the rate of $45 per annum from a named date, with an order of sale.

Z. GIBBONS FOR APPELLEE AND FOR THE MOTION.

The supersedeas stopped the distribution of $1,500. Appellee is therefore entitled to damages to the amount of $150. Civ. Code, sec. 764.

(No brief against the motion.)

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

The appellees have moved "for judgment for ten per cent. damages on the amount of money the supersedeas of

the judgment of August, 1894, stopped payment to appellees." The supersedeas bond was executed to supersede a judgment "adjudging that the plaintiffs, Mary Lancaster and others, are the owners of the undivided three-fifths of the lot of land described in the judgment, and allowing them rent at the rate of $45 per year from September, 1875, and ordering a sale of said property." The Civil Code, sec. 764, provides that damages shall be awarded against the appellant "upon the affirmance of, or the dismissal of, an appeal from a judgment for the payment of money, the collection of which, in whole or in part, has been superseded." It has been repeatedly held that damages could not be awarded upon the supersedeas of a judgment directing a sale of property to satisfy a lien, unless there was a personal judgment for the amount of the lien, which was also superseded. Talbot v. Morton, 5 Litt., 326; Sumrall v. Reid, 2 Dana, 65; Woods v. Roman, 5 B. Mon., 145; Rowan v. Pope, 14 B. Mon., 102; and Stamps v. Beaty, Hardin, 345. The Superior Court, in an opinion January 9, 1885, in Coffin v. Kelling and Robinson v. Bashaw, and also in Cornwall v. Fletcher (Oct. 12, 1887), held that damages on the affirmance of a judgment superseded should not be given, where the contest was over a fund in court, but that the judgment must be one that might be enforced by execution. There are a large number of cases in which no opinions were delivered which follow this doctrine. In Dowes v. Ragenthal and Southgate v. Same (affirmed Feb. 11, 1886),* judgments adjudging liens, and ordering sale of property to satisfy them, were rendered and superseded, and damages upon the supersedeas were denied. In Shields v. Hinkle, Trustee (affirmed November, 1897), [43 S. W., 485], the judgment superseded was from an order affirming a sale, and ordering the commissioner to collect the

*No written opinions filed.

sale bonds and distribute, and damages were denied. In Beaven v. Citizens National Bank (affirmed November 18, 1897, the judgment superseded sustained an attachment of bank stock and ordered sale thereof, to be credited upon a judgment held by plaintiff, and damages on the supersedeas were denied. In Boli v. Erwin, the judgment superseded sustained an attachment under which property had been levied on and sold by the receiver, the sale affirmed; and payment of plaintiff's debt ordered out of the proceeds. At the April term, 1897, the appeal was dismissed, with damages, but on motion the judgment for damages was set aside. In Hutton v. First National Bank (affirmed May 5, 1898), [45 S. W., 668], the judgment superseded was that certain parties, were entitled to a fund on deposit with the bank, and payment was ordered to be made to them by the bank. Appellants claimed to be entitled to the fund, and superseded, and a motion for damages was overruled. The statute (Civil Code, sec. 764), appears to us to be highly penal, and should, therefore, be strictly construed. The authorities seem to be uniform that it does not apply except in cases where the judgment is for the payment of money, which may be enforced by execution or similar process. The judgment in this case is not such a judgment, nor can the bond under consideration be properly construed to be anything more than a bond to supersede the sale for the purpose of payment of the rents referred to therein. While in this particular instance the enforcement of the rule may appear to work hardship, it is believed that the rule itself is a safe one, and should be adhered to. The motion for damages is overruled.