## Rennebaum v. Atkinson & Co., Etc.

APPLICATION FOR RULE.

1. JUDGMENT—SUPERSEDEAS—DAMAGES.—A judgment for the return of personalty or, if not to be had, its specified value, is a judgment for the specified value, if the property can not be had, and when such a judgment is superseded and affirmed, it becomes the duty of the circuit court to enter a judgment for ten per cent. damages on the specified value, when the processes of the law failed to secure the return of the property.

2. PRACTICE—RULE TO ENTER JUDGMENT.—A rule on the circuit judge to enter a judgment in accordance with the mandate and opinion of this court is proper practice, but such a rule will not be awarded where the circuit judge believes that he has entered judgment in accordance with the mandate.

G. W. SAULSBERRY FOR THE APPELLEES, in support of his application for a rule against the circuit judge, cited: Watson

v. Avery, 3 Bush, 635; Gorham v. Luckett, 6 B. Mon., 638; Smith v. Cochran, 7 Bush, 555; Scott v. Scott, 9 Bush, 175.

M. J. MOSS, CIRCUIT JUDGE, filed a response to the rule *nisi*, and the appellees' motion to make the rule absolute was thereupon denied.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

By the judgment of the circuit court it was adjudged that Atkinson & Co. were the owners of certain described property then in possession of the defendant, A. H. Rennebaum, and "that said property be by the said Rennebaum returned to the plaintiffs, if a return can be had; if not to be had, then the court adjudges that the plaintiffs recover of the defendant, A. H. Rennebaum, the sum of $800, the value of said property as found by the jury. The court further adjudges that the plaintiffs recover of the defendant, A. H. Rennebaum, the sum of $100 in damages." The judgment was superseded, and on appeal to this court was affirmed, with damages. [45 S. W., 874]. On filing the mandate in the circuit court, an execution was ordered on the original judgment. The execution was returned, with the following indorsement: "After making diligent search, the property named herein can not be found as a whole, the defendant, A. H. Rennebaum, stating that a part of the property was in Knoxville, Tennessee; hence no delivery can be made of said property. Nor can any property be found in Bell county belonging to the defendant, out of which to make the sum of $900.00 and interest, or any part of same." Thereafter a summons was issued against Rennebaum to show cause why judgment should not be rendered for $90 damages on the judgment superseded, and judgment was accordingly rendered for said sum, but, at the same term, on motion, was set aside, and in lieu thereof a judgment was rendered for $10, "that being ten per cent. of the $100

in damages recovered by the plaintiffs by former judgment, and said $100 being, in the opinion of the court, the amount superseded, as mentioned in said mandate, to which plaintiff excepts." Thereupon the appellees filed in this court a transcript of the proceedings subsequent to the affirmance, together with an affidavit showing that all of the property of which appellees were adjudged the owners had been removed from Bell county; that it was impossible to recover said property, and that appellees had never received any part thereof, nor had said property ever been tendered them in satisfaction of their judgment. Upon this transcript and affidavit, appellees moved for a rule against the circuit judge to show cause why he should not enter a judgment in accordance with the mandate of this court. "Upon the affirmance of, or the dismissal of an appeal from, a judgment for the payment of money, the collection of which, in whole or part, has been superseded,    .   .   .    ten per cent. damages on the amount superseded shall be awarded against the appellant." (Code, sec. 764.)

We have reached the conclusion that the judgment superseded was not merely a judgment for personal property, and $100 damages for its detention, but was in the alternative,— a judgment for the payment of $900 in the event the property could not be returned. Eight hundred dollars of this amount could have been discharged by the return of the property; and in that event no damages would have been awarded upon that part of the judgment; but, it appearing from the return of the execution that the property could not be restored, the judgment became a judgment solely for the payment of $900, the collection of which had been superseded. We

are of opinion, therefore, that the circuit court should enter a judgment for $90 damages.   The procedure by rule is proper to bring the question before this court for re-· view (Smith v. Cochran, 7 Bush, 555); but, as the circuit judge evidently believed the judgment entered was in accordance with the mandate, the rule moved for will not be awarded.   The whole court sitting.

RESPONSE TO PETITION FOR REHEARING BY JUDGE DuRELLE.

Since the opinion herein was filed, the circuit judge has responded to the motion for a rule against him.

The case of Stamps v. Beaty, [Hardin, 337], does not reach the question presented in this case, as the procedure in that case was by motion for a judgment in the court of appeals, upon a state of facts which did not entitle the party moving to the relief sought.

We are of opinion that, while the judgment of affirmance could have been satisfied by the surrender of the machinery and the payment of $100 damages, and costs, nevertheless, upon its appearing by the return of the execution that the property could not be returned, the judgment became a money judgment, and the execution itself was an execution for the full amount thereof, authorizing levy and sale to collect it.   Being such a judgment as authorized a levy upon and sale of property for the full amount of the value of the property detained, it became a money judgment for that amount. The stipulation of the bond, under section 748 of the Code, that the appellant shall pay to the appellee all rents or hire of the property during the pendency of the appeal, would seem to apply to a case where the return of the property was accomplished by the writ, and not to a case where, such return of the property proving impossible, the judg-

ment became one for the money value of the property detained. The sureties upon the bond can not be heard to complain, inasmuch as they contract with a view to either contingency. But in a proceeding by rule against the circuit judge to enforce the award of damages upon a money judgment it should appear that the record upon which that motion was based presented to the circuit court a state of fact which authorized such a judgment. This does not appear in the record before us, which does not show that the return of the execution had been made by the sheriff at the time of the motion, or was before the circuit court upon the hearing thereof. It follows, there-fore, that the motion for a rule against the circuit judge should be denied, and it is so ordered.