CASE 59.—MOTION MADE IN THE COURT OF APPEALS BY
THE CITY OF LEXINGTON, IN THE CASE OF
BELL'S TRUSTEE AGAINST THE CITY OF LEXING-
TON FOR A JUDGMENT FOR 10 PER CENT. DAM-
AGES ON SAID JUDGMENT WHICH HAD BEEN
AFFIRMED IN THE COURT OF APPEALS.—Jan-
uary 29.

# Bell's Trustee v. City of Lexington

On motion for damages in Appellate Court, motion
overruled.

Costs—Appeal—Damages—Affirmance of Judgment.—In an action
to enjoin the collection of taxes, plaintiff appealed from the
judgment decreeing that the taxes were an enforceable lien,
and gave a bond conditioned to pay defendant such damages
as it might sustain if it should be finally decided that the
injunction ought not to have been granted, as provided by
Civil Code Prac., 1889, sec. 747, giving the trial court dis-
cretion to make an order pending the appeal upon such terms
as to bond as may be proper. Held that, though the bond
was in effect a supersedeas bond, the case did not fall within
section 764, Civil Code Prac., 1902, providing that upon
affirmance of an appeal 10 per cent. damages on the amount
superseded shall be awarded, since that section only applies
to judgments for the payment of money.

J. D. and G. R. HUNT, JOHN T. SHELBY and JOHN R. ALLEN,
for appellant.

GEO. S. SHANKLIN, J. R. MORTON and GEO. C. WEBB, for
appellees.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR—
Overruling motion.

Appellant, a trustee of Clara D. Bell, sued the City
of Lexington and E. T. Gross, tax collector, in the

Fayette circuit court, to enjoin the collection of taxes upon certain property owned by Miss Bell, and which had been assessed for taxation by the city. It was claimed by appellant that the property was not within the taxing jurisdiction of the city. A temporary injunction against the enforcement of the taxes was obtained in the circuit court. On final hearing that court adjudged that the taxes to the amount of $8,626.63 were legally due, and were a lien, under the terms of the statute, upon certain property owned by the taxpayer. An appeal to this court was prayed and granted. On application of the appellant, the plaintiff below, the circuit court directed that the injunction, which had been dissolved by the final judgment, be continued in force pending the appeal upon condition that the plaintiff execute bond, with approved surety, conditioned as required by subsection 3 of section 278 of the Civil Code of Practice. The provision of that subsection is, in effect, that the obligors of the bond will pay to the party enjoined such damages as he may sustain if it be finally decided that the injunction ought not to have been granted.

Upon consideration of the appeal by this court, the judgment of the Fayette circuit court decreeing that the taxes were due and payable by appellants, and constituted an enforceable lien against her property, was affirmed. Bell's Trustee v. City of Lexington, 120 Ky., 199, 85 S. W., 1081, 27 Ky. Law Rep., 591. A writ of error was sued out and prosecuted from the judgment of this court to the Supreme Court of the United States, where the judgment of this court was affirmed. Security Trust & Safety Vault Co. v. City of Lexington, 27 Sup. Ct., 87, 50 L. Ed., —. On the filing of the mandate of the supreme court in this court, appellee has moved this court to enter

judgment for 10 per cent. damages upon the judgment of the circuit court, affirmed by this court. This motion is predicated upon the contention that the stay of the execution of the judgment of the circuit court, which resulted from the order and bond executed in the circuit court continuing the injunction in force pending the appeal, was in effect and in fact a supersedeas of that judgment, and that it was a judgment for money, upon the affirmance of which, when it had been superseded, the penalty of 10 per cent. damages goes as a matter of law.

Under Civil Code Prac., 1889, sec. 747, prior to the amendment of 1894, it had been held that where an injunction was dissolved by the final judgment of the circuit court, and a supersedeas bond was executed, and supersedeas issued, upon an appeal granted to this court the injunction was thereby continued in force pending the appeal. Smith v. W. U. Tel. Co., 83 Ky., 269, 7 Ky. Law Rep., 104, 255; K. & I. Bridge Co. v. Krieger, 91 Ky., 625, 13 Ky. Law Rep., 219, 16 S. W., 824; E. R. R. Co. v. Ashland, 94 Ky., 478, 15 Ky. Law Rep., 258, 22 S. W., 855. And it was held, under Myers' Code, sec. 887, and the act of February 1, 1812, (1 Morehead & B. Dig., p. 135), which were substantially similar to the present Code provision before the amendment of 1894, that the supersedeas bond, while it stayed a judgment dissolving an injunction, did not undertake to pay the sum enjoined; but that that was covered by the injunction bond executed before the original injunction was granted and that the supersedeas bond covered only costs and damages awarded in this court. Talbott v. Morton, 5 Litt., 326; Stelle v. Wilson, 9 Bush, 699. Section 747, Civil Code Prac., 1889, was amended in 1894, so

vol. 124—30.

that it now provides that the execution of a supersedeas bond and the issual of the supersedeas shall not apply to judgments granting, modifying, perpetuating, or dissolving injunctions. In lieu it is provided by the amended section that the court rendering the judgment may, in its discretion, if the ends of justice so require, at the time the appeal is taken, make an order suspending, modifying, or continuing the injunction during the pendency of the appeal upon such terms as to bond or otherwise as may be proper for the security of the rights of the other party. Other provisions of the section are not applicable to present investigation. A bond executed under this section of the Code is, in our opinion, a supersedeas bond. The purpose of the proceeding is to suspend, pending the appeal, the execution of the judgment appealed from.

Section 764, Civil Code Prac., 1902, provides, that, "upon the affirmance of, or dismissal of an appeal from, a judgment for the payment of money, the collection of which, in whole or in part, has been superseded, 10 per cent. damages on the amount superseded shall be awarded against the appellant." Construing this last section, this court has uniformly held that the 10 per cent. damages will be awarded only in cases where the judgment is for the payment of money, which may be enforced by execution or similar process. Sumrall v. Reid, 2 Dana, 65; Woods v. Rowan, 5 B. Mon., 145; Rowan's Ex'r v. Pope's Adm'r, 14 B. Mon., 102; Talbott v. Morton, supra; Steele v. Wilson, supra; Stamps v. Beaty, Hardin, 345; Leopold v. Furber, 84 Ky., 214, 8 Ky. Law Rep., 198, 1 S. W., 404; Shields v. Hinkle, 43 S. W., 485, 19 Ky. Law Rep., 1363; Hutton v. First Nat. Bank, 45 S. W., 668, 20 Ky. Law Rep., 225; Worsham v. Lancaster, 104 Ky., 814, 20 Ky. Law Rep., 969, 48

Bell's Trustee v. City of Lexington.

S. W., 410; Hall v. Dineen, 120 Ky., 483, 87 S. W.,
275, 27 Ky. Law Rep., 886; Rennebaum v. Atkinson.
105 Ky., 396, 20 Ky. Law Rep., 1346, 49 S. W., 1, 342.
The amendment to section 747 Civil Code, does not
change the provision of section 764, nor affect the
decisions construing the latter. The judgment in the
case at bar was not for the payment of money, which
could have been enforced by execution or similar
process. A tax is not a debt. A judgment decreeing,
its enforcement against specific property is not a per-
sonal judgment against the taxpayer. Hence the 10
per cent. damages allowed by section 764, Civil Code
Prac., do not attach.

This was not a proceeding to enjoin a judgment,
allowed by section 278 of the Civil Code of Practice.
The reference to that section in the order of the cir-
cuit court was merely to indicate the terms of the
bond which was required in order to continue the
injunction in force pending the appeal. As the pro-
ceeding was not to enjoin the collection of a judg-
ment, as defined and allowed by section 278 of the
Civil Code of Practice, the further provisions of sec-
tion 295, Civil Code of Practice directing that upon
the dissolution of such injunction the damages must
be assessed by the court, which may hear evidence
and impanel a jury, obviously do not apply to the
practice in this court upon the dissolution upon
appeal of an injunction granted by the judgment of
a circuit court. Such damages as may have been
sustained by appellees by reason of the stay of the
execution of the judgment appealed from are recover-
able in any court of original jurisdiction which may
properly take cognizance of an action upon the bond.

The motion of appellees to adjudge 10 per cent.
damages against appellant is overruled.