## Louisville & Nashville Railroad Company v. Steele, By &c.

(Decided April 23, 1918.)

### Appeal from Knox Circuit Court.

1. Railroads—Federal Control of—Right of Action—Suspension of Process.—Neither the act of Congress, known as the "Federal Control of Railroads" bill, nor the proclamation of the President of the United States, respecting the action to be taken thereunder through the Director General, interferes with the right of a person having a cause of action against a railroad company under federal control to bring suit thereon against such carrier or to obtain judgment against it in such action. The act does, however, provide that no process, mesne or final, shall be levied against any property of such carrier under federal control. The object of the act and of the President's proclamation is to suspend the right of the successful litigant, during federal control of the carrier, to coerce the payment of his judgment by the levy of an execution or other like process upon its property, which might be calculated to interfere with the Federal government's use of such property in its conduct of the present war against Germany and her allies.

2. Railroads—Federal Control of—Recovery—Damages.—Where, as in this case, a judgment recovered by the plaintiff against the carrier in the circuit court is, on the appeal of the defendant, affirmed by the Court of Appeals, the plaintiff is entitled to recover in the latter court a judgment for ten per cent damages against the carrier as provided by Civil Code, section 764, although its satisfaction, by reason of the prohibitive provisions of the act of Congress, cannot be enforced by execution or other like coercive process.

BENJAMIN D. WARFIELD and BLACK & OWENS for appellant.

J. M. ROBSION for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Sustaining motion of appellee to file supersedeas bond and supersedeas; motion for ten per cent. damages on amount of judgment superseded, and awarding damages.

This case is before us upon the appellee's motion to be permitted to file in this court certified copies of the supersedeas bond executed in the court below, the supersedeas issued by virtue thereof and return showing its service; and upon his further motion that he be awarded against appellant ten per cent. damages on the amount of the judgment superseded by the bond executed by the latter; the judgment having been affirmed on the hearing of the appeal.

The appellant objects to each of these motions on the grounds that the granting of the orders asked would be violative of the provisions of the federal statute recently enacted by the Congress of the United States known as the "Federal Control of Railroads" bill, whereby the railroads of the United States are permitted to be taken over by the federal government during the continuance of the present war between the United States and her allies, and Germany and her allies, and for a period of twenty-one months after the President of the United States shall have made proclamation that peace has been ratified by the warring nations.

This contention is sustained by nothing we can find in the act in question or in the proclamation of the President of December 27, 1917, respecting the action to be taken thereunder by the Secretary of War through the Director General. In the latter document it was declared, among other things, that:

"Except with the prior written assent of said director, no attachment by means of process or on execution shall be levied on or against any of the property used by any of said transportation systems in the conduct of their business as common carriers; but suits may be brought by and against said carriers and judgment rendered as hitherto until and except so far as said director may, by general or special orders, otherwise determine."

Paragraph one of section 10 of the Act of Congress provides (the second paragraph of the section not being germane to the consideration of the matter before us is not copied):

"Sec. 10. That carriers while under federal control shall be subject to all laws and liabilities as common carriers, whether arising under state or federal laws or at common law, except in so far as may be consistent with the provisions of this act or any other act applicable to such federal control or with any order of the President. Actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law; and in any action at law or suit in equity against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the federal government. Nor shall any such carrier be entitled to have transferred to a federal court any action heretofore or hereafter instituted by or against it, which action was not so transferable prior to the federal control of such carrier; and any action which has heretofore been so transferred because of such federal control or of any act of Congress or official order or proclamation relating thereto shall upon motion of either party be retransferred to the court in which it was originally instituted. *But no process, mesne or final, shall be levied against any property under such federal control.*"

Obviously, the effect of the foregoing provisions of the statute is to entirely suspend the right of issuing and levying executions, attachments or other like process against the property of common carriers under federal control, during the continuance of such control; but it does not prevent a litigant from bringing his action against the latter in any court of competent jurisdiction, or such court from granting him such relief in the form of a judgment or otherwise, short of the coercive payment or satisfaction of such judgment by the levy of an execution or other like process upon or against any property of the carrier, as the litigant might, but for the passage of the act, under the laws of the state of his residence, have been entitled to. In other words, he may, notwithstanding the act, bring his action and obtain judgment against the carrier, but he cannot enforce against the latter the satisfaction of the judgment, when obtained, by execution or similar process. The object of the act of Congress and of the President's proclamation referred to, is to prevent, except as allowed by the Director General of the railroad under the control of the government, the seizure or sale of its property, which, if

allowed, would interfere with the government's use of such property as required in its efforts to bring the war to a successful issue.

It is true, as argued by counsel for appellant, that in construing section 764, Civil Code Practice, which provides that upon the affirmance of a judgment for the payment of money which has been superseded, ten per cent. damages on the amount superseded shall be awarded against the appellant, this court has held that damages on the affirmance of a judgment superseded will not be given except where the judgment is one that might be enforced by execution or similar process; Worsham v. Lancaster, 104 Ky. 813; Bell's Trustee v. City of Lexington, 124 Ky. 463; but this fact will not confer upon this court the right to withhold the 10% damages because enforcement of the judgment therefor by execution or similar process against the property of the carrier is suspended by the act of Congress. The right of the appellee upon the affirmance of the judgment appealed from to the ten per cent. damages, is no more prohibited by the act of Congress than was his right to recover the judgment in the court below.

While section 12 of the act declares that moneys and other property derived from the operation of the carriers during federal control are hereby declared to be the property of the United States, it also provides for its disbursement in the same manner as indicated by the interstate commerce commission's classification of accounts in force December 27, 1917. The fact, however, that whatever appellee receives from appellant upon his judgment may be paid, according to such classification of accounts, out of moneys derived by the federal government from the operation of appellant's railroad, cannot militate against his right to have his demand against appellant ascertained and determined by the judgment of a court of competent jurisdiction. In this case his claim for the damages sued for has been fixed by the judgment rendered in the lower court and affirmed by this court; and as his right to the ten per cent. damages claimed upon the amount of the judgment superseded legally results from its affirmance, he is clearly entitled to have judgment therefor, although its satisfaction, by reason of the prohibitive provisions of the act of Congress, cannot be now enforced by execution or other coercive process against the property of the carrier. In

addition to what has been said, there is yet another reason for granting the relief now asked by appellee. There is nothing in any provision of the act of Congress which in any way interferes with his right to proceed against the surety in the supersedeas bond for the amount of his judgment recovered against appellant in the lower court or the ten per cent. damages thereon awarded by this court, and as by the terms of that bond the surety is also liable for the ten per cent. damages resulting from the affirmance of the judgment in this court, the awarding of such damages by this court will be and is necessary in order to fix and determine the liability of such surety therefor.

For the reasons indicated, the motion of appellee to be permitted to file the supersedeas bond and supersedeas, also his motion for ten per cent. damages on the amount of the judgment of the lower court superseded, is sustained and the damages asked awarded.

Whole court sitting.