## Kelley v. Kelley.

(Decided March 11, 1919.)

### Appeal from Boyd Circuit Court.

1. **Appeal and Error—Attorneys' Fees in Divorce Cases.**—The Court of Appeals will not determine questions relating to fees of attorneys in divorce and alimony proceedings, which have not been considered and passed upon by the circuit court.

2. Appeal and Error—Supersedeas or Stay of Proceedings—Damages. —Damages will not be awarded upon the amount of a judgment superseded, upon the affirmance of a judgment, although a supersedeas bond has been executed, unless a supersedeas has been issued.

3. Appeal and Error—Supersedeas or Stay of Proceedings—Damages. —Where a judgment has been superseded and the supersedeas issued, at any time, during the pendency of the appeal, damages will be awarded upon the amount of the judgment superseded, upon the affirmance of the judgment.

4. Appeal and Error—Supersedeas or Stay of Proceedings—Damages. —Where a judgment for permanent alimony and costs, including attorneys' fees, has been superseded, upon the affirmance of the judgment, damages will not be awarded upon the amount of the costs, including attorneys' fees.

5. Appeal and Error—Supersedeas or Stay of Proceedings—Damages. —Damages will not be awarded upon the affirmance of a judgment which has been superseded, unless the judgment is one, which may be enforced by an execution or similar process.

6. Judgment—Personal Judgment.—A judgment, which may be enforced by an execution of fieri facias, is a personal judgment for the recovery of a fixed sum of money, or for interest and costs, therein, or either.

B. O. BECKER, GEORGE B. MARTIN and JOHN L. SMITH for appellant.

JOHN F. HAGER and JOHN W. WOODS for appellee.

OPINION OF THE COURT BY JUDGE HURT—Overruling petition of appellant, for a modification and extension of the opinion, herein, and overruling certain motions of appellee, except for a judgment, awarding damages on supersedeas bond, which is sustained.

With reference to that portion of the opinion, in this case, which is sought to be modified and extended, it was not the design of the court to adjust the rights of the parties from mathematical calculations based upon the tables of mortality, but, the purpose was, in the event, the appellee desired to give up the house, to require the appellant to pay to her such a sum per month, thereafter, during her lifetime, and so long as she did not become the wife of another, as would reasonably provide her with a home, whether she lived a few or many years. If she does give up the house, she can not require the appellant to pay her the agreed present value of the house, in lieu of all monthly payments. The option is with him to make the monthly payments, or in lieu of them to pay to her

the present agreed value of the house, and counsel overlook the fact, that, if she should retain the house for twenty years, as suggested by them, the appellant is not required to pay to her its present value, or the value at that time but, may pay the $50.00 per month, instead, and, if she should retain it, so 'long' a time as suggested, according to human experience, touching the usual length of human life, there would be but a few years, during which he would be required to pay the monthly payments. The petition is overruled.

(1)  The appellee filed in this court, a copy of a supersedeas bond, executed before the clerk of the circuit court, by the appellant, in pursuance to the provisions of chapter 2, of title xviii, of the Civil Code, and entered a motion for a judment awarding damages upon the affirmance of the judgment appealed from, as provided by section 764, Civil Code.

(2)  The appellee, further moved the court, as follows:

(a)  To extend its opinion and to indicate to the circuit court, the amount of a fee to be paid the attorneys of appellee, for their services upon the appeal, and to give proper directions in regard to same.

(b)  To allow interest on the judment from July 1, 1918, or to reinstate the order, directing the payment of temporary alimony of $250.00 per month, from July 1st, until October 1st. The last two motions, are overruled. With relation to the one, requesting this court to fix the amount of a fee for the services of the attorneys, for appellee, in this court, upon the appeal, and give proper directions to the circuit court in regard to it, it may be said, that is a matter about which the circuit court has never adjudicated, and, as a matter of course, could not appear upon the record before us. Further, this court, upon such a subject, is a court of review. While the appellee might be willing to have the questions adjudicated upon the record before us, we would not be at liberty to preclude any defense, which the appellant may have before the court of original jurisdiction, before which the parties may present their cases. Hence, we make no intimation touching the subject.

As to the motion, requesting, that interest be adjudged upon the amount of the judgment from July 1st, instead of from October 1st, or else to order the payment of temporary alimony, in the sum of $250.00 per month, from

July 1st, until October 1st, it should be said, that the judgment appealed from, directed, that the payment of temporary alimony, at $250.00 per month, should cease on July 1st, and that the judgment rendered, should not bear interest until October 1st, and this judgment was affirmed. These matters were considered, before the affirmance of the judgment. Under the particular facts of the case, the judgment of the circuit court, touching these matters, was not considered to be subject to criticism. The judgment, having been affirmed, will not be opened for review upon a motion.

(3)  To determine, whether the motion to award damages upon the amount of the judgment superseded, upon its affirmance, should prevail, a statement of the facts, as they appear upon the record, is necessary. The judgment was rendered at the June term, 1918, of the Boyd circuit court, and appeal granted at that time. The transcript was filed in the clerk's office of this court, on the 16th day of December, 1918. A supersedeas bond, was executed before the clerk of the circuit court by the appellant, on the 1st day of October, 1918, but, a supersedeas was not issued by the clerk, until the 17th day of February, 1919, and after the opinion of this court, was handed down on the 4th day of February, 1919. The appeal having been granted by the circuit court, the supersedeas bond was properly executed before and accepted by the clerk of that court. Section 749, subsection 1, Civil Code. The bond having been executed before the clerk of the court, which rendered the judgment, and before the expiration of the time for filing the record, in the office of the clerk of this court, pursuant to section 738, Civil Code, it was the duty of the clerk of the circuit court, to issue the supersedeas. Section 749, subsection 2, Civil Code.

An appeal does not stay proceedings upon a judgment, unless a supersedeas is issued, and hence, damages will not be awarded on the affirmance of a judgment, where a supersedeas bond has been executed, unless a supersedeas was also issued. Section 747, Civil Code; Hoskins v. Southern National Bank, 24 R. 2250; 73 S. W. 786; O. & N. R. R. v. Barclay, 102 Ky. 16; Reed v. Lauder, 5 Bush 598; Jones v. Green, 12 Bush 127; Asher v. Cornett, 32 R. 1173. The supersedeas, however, having been issued, by the clerk of the circuit court, after the filing of the appeal in this court, and after the opinion having been handed down, but, before the issuing of the

mandate, and before the time for its issual, will the appellee be entitled to have damages awarded upon the amount of the judgment superseded, after its affirmance? The appeal having been granted by the circuit court, and the supersedeas bond executed before. the time for filing the record in the clerk's office of this court, no one, other than the clerk of the circuit court, was authorized to issue the supersedeas, and it was clearly his duty to do so. He could not refuse to issue an execution upon the judgment, if requested to do so by appellee, unless he issued the supersedeas; and if he should fail to issue the supersedeas, and instead, issue an execution, after the supersedeas bond had been executed, as it was, it is clear, that he would have been liable in damages to appellant. If a clerk of the circuit court has taken the bond, within the time, within which, he is authorized to do so, the bond is valid, and the statute not limiting the time, within which he should issue the supersedeas, it seems, that a supersedeas issued, at any time, during the pendency of the appeal, at the least, would be valid, and would stay further proceedings upon the judgment. If the clerk had delayed ten days or thirty days after the execution of the bond, in the instant case, to issue the supersedeas, no one would scarcely contend, that it was not valid, and would not stay proceedings upon the judgment, thereafter, until the appeal was finally disposed of. U. S. F. & G. Co. v. City National Bank, 143 Ky. 699; L. & N. R. R. Co. v. Lucas' Admr., 86 S. W. 683. The bond being valid, the supersedeas issued, at any time, during the pendency of the appeal, was valid, and created a stay of proceedings under the judgment. The appeal was still pending and undetermined, when the supersedeas was issued, on February 17th. Section 760, Civil Code, provides that, "No mandate shall issue, nor decision become final, until thirty days, excluding Sundays, from the day on which the decision is rendered." Hence, the decisions of this court do not become final, until the mandate is issued. C. & O. Ry. Co. v. Kelley's Admr., 161 Ky. 660. Hence, although the supersedeas was not issued until after a decision of the case had been made on the 4th of February, the appeal was still pending on the date, the supersedeas was issued, and within the thirty days, excluding Sundays, after the decision, the parties may file petitions for a rehearing, or make other proper motions, and in such states of case, the pendency of the appeal is con-

tinued, until they are disposed of when a mandate may issue, as the final judgment upon the appeal.

The appellant insists, that the judgment was not such a one, as, within the provisions of section 764, Civil Code, damages should be awarded, upon its affirmance, in this, that it was not such a judgment as could be enforced, by execution or other similar process. Before the provisions of that section will authorize the awarding of damages in the sum of ten per centum of the amount of the judgment superseded, it must appear, that it is a final personal judgment for the payment of money, and which is enforcible by execution or other similar process, there can be no doubt. Bell's Trustee v. Lexington, 124 Ky. 463; Shields v. Hinkle, 19 K. L. R. 1363; Remubaum v. Atkinson, 105 Ky. 396; Leofold v. Furber, 84 Ky. 214; Worsham v. Lancaster, 104 Ky. 814; Stamps v. Beatty, Hardin, 345; Rowan v. Pope, 14 B. Mon. 102; Woods v. Rodman, 5 B. Mon. 45; Sumrall v. Reed, 2 Dana 65; Talbott v. Morton, 5 Litt. 326; Hall v. Dineen, 27 K. L. R. 886. Section 1650 Ky. Stats., provides, that "If a final judgment *in personam* be rendered in any court of record . . . for an ascertained sum of money, with interest and costs, or for either, a *fieri facias* may issue thereon." Section 1663 Ky. Stats., dealing with judgments in chancery, provides, that, "A final order or judgment for money, lands or other specific things, may be enforced by any appropriate writ of execution, allowable on a judgment at law, according to the nature of the case." That the judgment, in the instant case, was a personal judgment and for the collection of money, there can be no doubt, in so far as it directed the recovery, by appellee, of the sum of $33,500.00, and her costs and attorneys' fees. The amount, directed to be paid, as alimony, and which was superseded, was a sum fixed and certain. It was directed to be paid on or before October 1, 1918. It bore interest from that date, by the express terms of the judgment. The judgment granted to the appellant, the right to satisfy the alimony allowed, by paying the sum of $1,500.00 in cash, and the execution of five notes, for equal amounts, of the balance, with personal sureties, acceptable to appellee, or to discharge the judgment, by paying $1,500.00 in cash, and executing and delivering five notes, each for an equal amount of the remainder, to be secured by certain stocks. The two latter methods, for satisfaction of the judgment for alimony, were to be

taken advantage of and performed on or before the first day of October, 1918, from which date, the allowance for alimony was to bear interest.   They were privileges granted to the appellant, for the satisfaction of the judgment, if he chose to exercise them, within the time allowed.   The appellant did not pay the alimony adjudged, on or before October 1, 1918, nor did he elect to satisfy the judgment, by the payment of $1,500.00, in cash, and the execution and delivery of the notes secured in either of the ways provided, on or before October 1, 1918. Hence, it seems, that the judgment became a final one for the payment of money, and appellee was entitled to have an execution of *fieri facias,* thereon.   The fact, that   the court, in the conclusion of the judgment, ordered, that the cause be retained upon the docket, for such further steps and proceedings as might be necessary for enforcing the judgment, was not an adjudication, withholding from the appellee, the lawful means of enforcing her judgment, but, has reference to such remedies for enforcement, as pertain peculiarly to equity, in addition to the means of collecting a judgment, at law.   Neither does the language of the judgment, where it says, that an execution is not, now, awarded, have the effect of withholding, from appellee, the right to enforce the collection by execution, after October 1, 1918, as the language, above stated, is followed, immediately, by language, which provides that, it shall be paid on, or before October 1, 1918, and the same requirement appears, with reference to the same matter at another place or places in the judgment.   It can only be inferred, that the language for the present withholding an execution, has reference to the time between the rendition of the judgment, in June, 1918, and the first day of October, thereafter, as it is apparent, that the court, after having ordered the discontinuance of the payment of temporary alimony, and given appellant three months thereafter, within which to satisfy the judgment, for permanent alimony, without interest thereon until October 1, 1918, did not intend, after having awarded a judgment for the recovery of the alimony and fixed the date for its payment, to withhold, from appellee, all means of enforcing it.  The appellant, having prevented the enforcement of the judgment, by the execution of the supersedeas bond, it is but just, that he should pay the penalty, which the law exacts, in such cases.  It is, therefore, ordered, that damages be awarded, upon the prin-

cipal sum of $33,500.00 which was superseded, but damages should not be awarded upon the costs, including attorneys' fees allowed, as a party is not entitled upon an affirmance of a judgment to have the damages, provided by section 764, Civil Code, awarded upon the amount of the costs recovered. Bergen v. Farmers' & Traders' Bank, 9 R. 194; Edelson v. Edelson, 173 Ky. 252. All members of the court sitting.