# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

---

COLLINS *v.* PAEPCKE-LEICHT LUMBER COMPANY.

Opinion delivered February 11, 1907.

JUDGMENT—CONCLUSIVENESS.—A judgment for recovery of land in eject-ment, without awarding damages for waste, becomes final with the end of the term, and precludes the subsequent litigation of the question of such damages, but does not preclude the plaintiff from recovering for waste committed after the judgment was rendered.

Appeal from Chicot Chancery Court; *Marcus L. Hawkins,* Chancellor; reversed.

*H. E. Cook, W. G. Streett* and *Baldy Vinson,* for appellants.

1. The appellants, being owners of part of the land, are owners of part of the timber, or its value, and it was the duty of the court to afford relief for the timber cut and removed. 95 Ala. 527; 51 Cal. 505; 35 Vt. 449; 33 W. Va. 60; 20 Fla. 58; 29 Ill. 294.

2. It was error to adjudge one half the costs against appellants, when the mandate of this court awarded all the costs against appellee.

*F. M. Rogers,* for appellee.

The opinion of this court in 77 Ark. 101 is a complete answer to and refutation of the claims of appellants in this cause.

BATTLE, J. On the 7th day of March, 1901, James E. Collins and others instituted an action against Paepcke-Leicht Lumber Company in the Chicot Chancery Court to recover certain lands and for $10,000 as damages for timber cut. On the 4th day of June, 1901, upon final hearing, the court dismissed the complaint for want of equity, and plaintiffs appealed to this court. On the 28th of January, 1905, this court reversed the decree of the chancery court as to half interest in the lands and affirmed as to the other, and the cause was "remanded to said chancery court with directions to enter a decree for appellants

for an undivided half of the lands in controversy and for further proceedings to be therein had in accordance with the opinion herein delivered." On the 15th of April, 1905, plaintiffs filed a motion in the chancery court, in which they stated that the defendant had before and since the institution of this action wrongfully cut and removed timber from the lands in controversy, of great value, and asked that a master be appointed to ascertain the amount, and value of such timber, and for other relief; but it did not state that any of the timber was cut after the 4th day of June, 1901, when the final decree was rendered by the chancery court. Upon motion the chancery court rendered a decree in accordance with the mandate of this court, and ordered that plaintiffs be taxed with one half the costs in the case and the defendants with the other half. The plaintiffs then asked this court to issue the writ of mandamus, requiring the chancellor to take cognizance of plaintiff's motion, and to appoint a master to take an account of the timber cut. This court denied the writ. *Collins* v. *Hawkins,* 77 Ark. 101. Plaintiffs then appealed from the refusal of the chancery court to appoint a master as requested by their motion, and from the judgment for costs.

In disposing of the application for a, writ of mandamus this court said: "An inspection of the record in the case discloses the fact that, while the original complaint alleges that the defendant had cut a large quantity of timber, and the answer denies that allegation, no proof on that issue was taken by either party. Neither the lower court nor this court made any express finding as to timber cut. Whether the final judgment of this court bars the right of the plaintiffs to assert a claim against the defendant for timber cut during the pendency of the suit is a question we need not decide, as it is not properly before us for decision. It is relief which did not fall within the judgment of this court, and we can not, therefore, compel the chancellor by mandamus to grant it. The relief asked for is not such as was, under the decision of this court, warranted by the proof in the case; and if the plaintiffs be entitled to it at all, the decision of the question by the chancellor is not one that will be controlled by mandamus. The chancellor decided that they were not entitled to the further relief, and refused to grant the prayer of the

amended complaint (motion). If he committed an error in that decision, it can only be corrected by appeal."

The cause was submitted to the chancery court on the 4th of June, 1901, upon the issue as to the title to the lands. The court decided that against the plaintiffs, and they appealed to this court with the result stated. The whole case before both courts at the time of decree was disposed of; and, the term of this court at which the decree of the chancery court was reversed in part having passed, no further relief by it could be granted. But when the cause was remanded to the chancery court it was not wholly determined, and the court could have granted relief as to timber cut since the 4th of June, 1901, the date of its final decree. So much of their cause was unadjudicated, and they were entitled to damages sustained by them from waste. Kirby's Digest, § 2755. But this part of their cause of action was defectively stated in their motion or supplemental complaint, in this, that it is not stated that the timber was cut since the 4th of June, 1901. This may be amended.

The decree of the court as to costs is reversed; and the cause is, therefore, remanded with directions to the court to allow plaintiffs to amend their motion or supplemental complaint, if they are so advised, and when properly amended to take such proceedings as may be proper to ascertain the damages sustained by them from the cutting of timber on the land involved in this action since 4th of June, 1901, and for judgment therefor, and to render a decree in favor of the plaintiffs against the defendant for costs already incurred, and for further proceedings appropriate and necessary and not inconsistent with the opinion of this court in this case.