## ROBINSON *v.* BLACK.

### Opinion delivered July 15, 1907.

1. JUDGMENT—CONCLUSIVENESS.—Where the chancery court erroneously decreed that an administrator should account as such for all of the rents of certain lands, instead of directing that he should account to the estate for the proportionate amount thereof due to such estate, and such decree was affirmed on appeal, but the cause was remanded with directions to sell the lands and divide the proceeds, the affirmance precluded the parties from subsequently litigating the disposition of the rents collected up to the time of the decree below, but did not preclude them from litigating the disposition of rents thereafter collected. (Page 94.)

2. EQUITY—JURISDICTION IN ADMINISTRATION.—A chancery court should not lift an estate out of the probate court and proceed to administer it, but, having interposed on account of fraud or other ground of equitable interference, should send the cause back to the probate court with instructions to proceed in the regular course of administration. (Page 94.)

Appeal from Monroe Chancery Court; *John M. Elliott,* Chancellor; reversed.

*H. A. Parker,* for appellant.

*Manning & Emerson,* for appellee.

McCULLOCH, J.   John S. Black, one of the heirs at law of
S. L. Black, deceased, and a creditor of the estate of said dece-
dent, and Mallory, Crawford & Co., creditors of said estate, in-
stituted a suit in chancery against F. J. Robinson, administrator
of said estate, and against Polk Montgomery to set aside a sale
of lands made to Montgomery and to hold Robinson accountable
for the rents and profits of the lands.   The chancery court ren-
dered a decree in favor of the plaintiffs setting aside the sale to
Montgomery and directing "that the defendant, F. J. Robinson,
report by proper statement and account to the probate court of
Monroe County for all rents from said lands and give the S. L.
Black estate credit therefor in his settlement accounts as adminis-
trator of said estate, less the *pro rata* share thereof which the
judgment of defendant Robinson bears to the Martin judgment
against Charles Adams."   The court did not ascertain the amount
of such rents and profits.   The defendants appealed to this court,
and the decree of the chancery court was affirmed.   *Montgomery*
v. *Black,* 75 Ark. 184.   Reference is made to the opinion in that
case as reported above for more definite statement of the facts.

This court, in affirming the decree, ordered that "the cause
be remanded with directions to enter a further decree for the sale
of the land by a commissioner of the court upon such terms as
the court may direct, and that the net proceeds of sale shall be
applied first to reimbursement of appellant Robinson for the
amounts paid by him in redeeming the lands from tax sales and
subsequently paid for taxes, and next *pro rata* on the two said
judgments against Adams."   On the filing of the mandate of this
court in the court below, a decree for sale of the lands was entered
in accordance therewith, but, without any further pleadings hav-
ing been filed, the court further decreed that defendant Robinson
should be charged with all the rents and profits of the lands, and
appointed a master to take testimony and state an account of rents
and profits collected by him.   The master heard testimony, and
made the report at the next term, charging Robinson with rents
found to have been collected by him from the year 1895 up to and
including the year 1905, with interest to date of the report,
amounting in all to the sum of $2,491.12, and crediting him with
the sum of $485.68 found to have been paid out for taxes on the
land and in redemption from tax sales, with interest.   The court

overruled exceptions to the report, and approved it, and rendered
a decree against Robinson for $1,594.73 as the proportionate part
due the Black estate of the net amount of rents found to have
been collected by Robinson. The court directed Robinson to pay
over this amount to the solicitors of record of the plaintiffs. Rob-
inson appealed.

When the case was formerly here, the decree of the chancery
court was affirmed, and the cause was remanded for the sole pur-
pose of having the lands sold in order for the proceeds to be di-
vided. The litigation was then at an end as to all matters which
were adjudicated or which could have been adjudicated when the
final decree was entered by the chancery court. The chancery
court should, in the former hearing, have ascertained the amount
of rents collected by Robinson and the proportionate part thereof
due the Black estate, and then directed the probate court to charge
him with that amount in his settlement as administrator. It failed
to do that, however, but simply decreed that he account to the
probate court for the rents collected, leaving it to the probate
court to ascertain the amount. The plaintiffs did not appeal from
the decree, and did not call the attention of this court to that part
of the decree, so it was affirmed. It therefore became final, and
passed beyond the control of the chancery court or of this court.
After having made that disposition of the rents collected up to
the time of the decree below, it was beyond the power of the
court to take up that matter again. *Collins* v. *Paepcke-Leicht
Lumber Co.*, 82 Ark. 1.

It was competent for the court to enter upon a further in-
vestigation to ascertain the amount of rents collected by Rob-
inson since the date of the original decree (*Collins* v. *Paepcke-
Leicht Lumber Co., supra.*) for the purpose of directing the pro-
bate court to charge him with the proportionate amount due the
Black estate, but it should not have done so without appropriate
supplemental pleadings alleging that he had collected rents
which he had not accounted for in his settlement with the pro-
bate court.

It was also error to direct the payment of the amount found
due over to the plaintiffs or their solicitors. Administration was
still pending in the probate court, and the chancery court, after
ascertaining the amount of rents with which the administrator

should have charged himself, should have left it to that court to charge the amount to the administrator in settlement, and order it distributed to creditors and heirs, along with the other assets of the estate. A chancery court should not lift an estate out of the probate court and proceed to administer it, but, having interposed on account of fraud or other ground of equitable interference, should, after the special matter which called into exercise its peculiar powers has been disposed of, send the cause back to the probate court with instructions for further proceedings in the regular course of administration. *Shegogg* v. *Perkins,* 34 Ark. 117; *Hankins* v. *Layne,* 48 Ark. 544; *Brice* v. *Taylor,* 51 Ark. 75.

The decree is therefore reversed, and the cause is remanded with leave to the plaintiffs to file supplemental pleadings concerning the rents of lands collected by appellant Robinson since the date of the original decree on February 14, 1902, and for further proceedings with reference thereto not inconsistent with this opinion.

RIDDICK, J., not participating.