RAWLINGS v. STATE.

Opinion delivered April 19, 1915.

1. INDICTMENT—VARIANCE—FORGERY.—An indictment charged appellant with uttering a forged check drawn on the C. bank, while

the instrument as set out in the indictment, and as shown by the proof was drawn on the P. bank; *held,* there is no variance as the instrument as set out in the indictment controls, and the inconsistent statement in the indictment will be treated as surplusage.

2. CONFESSIONS—OTHER EVIDENCE.—A confession, unless made in open court, will not warrant a conviction, unless accompanied by other proof that such offense was committed.

3. CRIMINAL LAW—UTTERING FORGED INSTRUMENT.—Evidence held insufficient to warrant a conviction of defendant of the crime of uttering a forged instrument.

Appeal from Boone Circuit Court; *John I. Worthington,* Judge; reversed.

STATEMENT BY THE COURT.

Riley Rawlings, appellant, was indicted as Riley Rollins, jointly with Abe Curry, for forgery of a check and uttering the forged instrument.

He was tried separately, the court instructed a verdict in his favor on the charge of forgery, and he was convicted for uttering the forged instrument, and from the judgment has appealed.

The indictment, formal parts omitted, charged the commission of the offense as follows:

"The said Riley Rollins and Abe Curry, in the county aforesaid, on the 10th day of April, 1914, did unlawfully, wilfully, and feloniously utter and publish, as true to Marion Lamb, a certain forged and counterfeit writing on paper purporting to be a check on the Citizens Bank of Harrison, Ark., in words and figures as follows, towit:

Harrison, Ark., Feb. 2, 1914. No. 239. PEOPLES BANK OF HARRISON. Pay to L. B. HARRIS or ORDER, $12.50, Twelver Fifty Ct., $12.20 DOLLARS.

W. H. Midwell.

The said forged writing being then and there passed, uttered and published as true, etc."

The check was not copied in the indictment, but a blank check of the bank was filled out, an exact copy of the forged instrument and pasted on the indictment in each of the counts.

*J. Loyd Shouse* and *Guy L. Trimble,* for appellant.

1. An alleged confession made out of court will not warrant a conviction unless accompanied by other proof that the offense was committed. Instruction 10 erred in declaring that a confession "is sufficient under the law to sustain a conviction." Kirby's Dig., § 2385; 77 Ark. 128; 94 Ark. 344.

In an instruction commenting on the evidence, as in No. 13, given by the court, it is erroneous to omit stating to the jury that they are the sole judges of the credibility of the witnesses and the weight to be given to their testimony, and that it should be given such weight as the jury believes it is entitled to, unless there has been given a general charge covering all witnesses. 77 Ark. 336; 58 Ark. 362; 61 Ark. 102.

2. It was shown that the defendant was subject to fits and was weak-minded; but when it was attempted to be shown that these fits were traceable to hereditary influences, and inquiry was made as to his mother's mental incapacity, the court erroneously excluded such testimony and limited the inquiry to the defendant alone. Jacobson's Dig. Crim. Laws of Arkansas, 6; Wharton, Crim. Law, (10 ed.), § 65; 54 Ark. 284.

3. The second count of the indictment is insufficient in that it does not state the offense with that degree of certainty required by statute. The check pasted on the indictment is on the Peoples Bank, while in the body of the indictment, defendant is charged with uttering a forged writing "purporting to be a check on the Citizens Bank of Harrison." Kirby's Dig., § § 2227-2243; 9 Enc. Pl. & Pr. 552; *Id.* 592, and note 1; 58 Ark. 242; 97 Ark. 176; 77 Ark. 537; Wharton on Crim. Ev., § 114; 9 Enc. Pl. & Pr., 578 and note 3; *Id.* 593, and notes; 30 S. W. 1009; 19 Vt. 530; 23 Tex. App. 401; 4 Bliss (U. S.) 61.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

1. Instruction 10 was a correct declaration of law, and was approved by this court in the case of *Marshall v. State,* 84 Ark. 92; 107 Ark. 568.

Instruction 13 complained of is also correct. 67 Ark. 543; 69 Ark. 558; 78 Ark. 36.

2. The evidence as to the mother's weak-mindedness was properly excluded. There was no attempt to prove *insanity.* On the contrary, counsel stated that he was not relying on insanity, but on weak-mindedness of the mother.

3. There is no defect in the indictment calling for a reversal. Wharton's Crim. Law (11 ed.), § 243; 63 Ark. 618; 119 Pac. 795-806; Kirby's Dig., § § 2229-2233.

KIRBY, J., (after stating the facts). It is contended first for reversal that there was a variance between the proof and the allegations of the indictment, since the check alleged to be uttered as a forged instrument, was drawn on the Peoples' Bank of Harrison, as shown by the copy set out in the indictment and the check introduced in evidence, while the indictment stated it purported to be a check drawn on the Citizens' Bank of Harrison.

(1) The indictment was not insufficient on this account, nor was there a variance in the proof of the instrument alleged to have been uttered in producing the check, which was exactly set out in the indictment. Its statement that the paper purporting to be a check on the Citizens Bank of Harrison, would be controlled by the terms of the instrument set out in exact tenor and effect, or such inconsistent purporting clause treated as surplusage. Wharton's Crim. Law (11 ed.), section 943; *Read* v. *State,* 63 Ark. 618; *Wishard* v. *State,* 115 Pac. (Okla.), 796; Kirby's Digest, § § 2229-2233.

It is next insisted that the court erred in giving instruction numbered 10, over appellant's objection. This instruction reads as follows:

"I charge you that when a party commits a crime, and then confesses freely and voluntarily and without any promise of hope or without any fear of punishment, then the confession is admissible and sufficient under the law to sustain a conviction.

"Confessions, it is true, are always to be received with caution, but they are taken with all the facts and circumstances in the case, and, coupled with the additional proof that a crime has been committed."

(2)   This instruction was given by the court in relation to the statements made by the accused, claimed to be confessions made at the time of his arrest, and the statute provides that "a confession of a defendant unless made in open court, will not warrant a conviction unless accompanied with other proof that such offense was committed."   Kirby's Dig., § 2385.

The instruction is not happily phrased, and does not as clearly and definitely express the law as could have been done, but it does in effect tell the jury that the confession must be coupled with the additional proof that the crime has been committed in order to warrant a conviction, and it is not erroneous as already held in *Marshall v. State,* 84 Ark. 92.

(3)   It is next urged that there is no testimony showing that the offense was committed outside that of the statements of the defendant made at the time of his arrest.   Two witnesses testified that the defendant said that Abe Curry had had his niece to change the date of the check alleged to have been uttered as the forged instrument, and there is no testimony other than this showing that there was an alteration of the check.   Nowhere was it shown that this check ever bore a different date than that appearing upon it at the time of the trial, nor that it had ever been changed in any respect whatever, nor that it had not been signed by the drawer and written as it appeared at the time of the trial.

The testimony is not sufficient to support the verdict, and the judgment is reversed and the cause remanded for a new trial.