BROYLES *v.* SUMMERS.

5-1641 317 S. W. 2d 14

Opinion delivered October 27, 1958.

*John L. Sullivan,* for appellant.

*Talley & Owen,* by *Ancil M. Reed,* for appellee.

GEORGE ROSE SMITH, J. This is the second appeal in this case. In 1954 two of the appellants, Paul E. Broyles and his wife, agreed to sell a house and lot to the appellees, W. J. Summers and his wife. In 1955 the purchasers brought this suit for specific performance of the contract. On March 19, 1956, the chancellor entered a decree for the plaintiffs and directed that the sellers convey the property to the purchasers upon the payment of the balance of the purchase price, which was found to be $2,462.25. Upon an appeal by the sellers that decree was affirmed on November 5, 1956. *Broyles* v. *Summers,* 226 Ark. 878, 294 S. W. 2d 766.

Later on a dispute arose as to whether the purchasers were entitled to a credit upon the purchase price in the amount of the rents collected by the sellers after the date of the original decree. The appellees filed a motion in the trial court, asking that they be given credit for these rents and that the sellers be required to execute a deed upon the payment of the original balance less the amount of the rents. In response to this motion the sellers contended, as they do upon this appeal, that our affirmance of the 1956 decree settled every issue in the case and precluded the purchasers from seeking a credit for rents collected after the entry of that decree.

A hearing was had in the chancery court upon the issues raised by the supplemental pleadings. It was shown by undisputed testimony that, in connection with the first appeal, the parties had agreed, through the attorneys then representing them, that the sellers would not be required to execute a supersedeas bond and that, in lieu of such a bond, the rents received by the sellers after the date of the decree would be applied upon the purchase price if the chancellor's decision should be affirmed. By the decree now under review the chancellor simply enforced the parties' agreement and made a finding, which we think to be supported by the evidence, that the purchasers are entitled to a credit of $660, rep-

resenting rents collected by the sellers between the date of the original decree and the date of the supplemental decree.

The chancellor's decision was correct. It is doubtless true that in many cases, perhaps in most cases, our affirmance of a judgment or decree ends the litigation except for the matter of enforcing the trial court's order. But this is not invariably true. Not infrequently justice requires that further proceedings be had with reference to rights arising after the entry of the trial court's original judgment. For example, in *Montgomery* v. *Black,* 75 Ark. 184, 86 S. W. 1006, we affirmed a chancery decree setting aside an administrator's sale and remanded the cause with directions that the land be judicially sold and the proceeds distributed. Upon remand the trial court required the administrator to account for rents collected by him after the date of the first decree. On a second appeal, *Robinson* v. *Black,* 84 Ark. 92, 104 S. W. 554, we held that, although the cause had been remanded for "the sole purpose" of having the land sold, it was proper for the trial court to ascertain the amount of rents collected by the administrator *after* the date of the original decree. That issue had not arisen when the sale was set aside in the first instance and was not adjudicated by the affirmance of the initial decree.

The appellants' position in the case at bar cannot be upheld. If, in taking the first appeal, they had executed a supersedeas bond for the purpose of maintaining the *status quo* and thereby enabling themselves to continue to collect the rents, the affirmance of the decree would not have been *res judicata* in a proceeding upon the bond for the recovery of rents collected after the date of the superseded decree. *Dover* v. *Henderson,* 197 Ark. 971, 125 S. W. 2d 798. Instead of making the bond, the appellants were permitted to continue to collect the rents on the faith of their agreement that the appellees would receive credit upon the purchase price if the decree were

affirmed. The appellants cannot invoke the doctrine of *res judicata* as a basis for repudiating their promise.

Affirmed.