Judge Underwood
delivered the Opinion of the Court.
Sumrall and Murphy, in 1821, obtained a judgment at law, by confession, against Waters, for two thousand two hundred twenty eight dollars ninety seven and a half cents, with interest and costs. The judgment not having been satisfied, Sumrall and Murphy filed a bill in chancery to subject a lot in Minerva to sale, for its satisfaction, claiming a lien on the lot in virtue of a mortgage. Ward and Chiles were made defendants to the bill, as thev set up claim to the same lot. In 1825, the court rendered a decree, so much of which as affects this controversy, is in the following words : — “ It is decree*! and ordered, that Richard L. Waters pay to *66 the complainants, on or before the 1st of May nest, the amount of their judgment at law mentioned in the bill, together with the interest and costs ; and on his failing so to pay said sums of money, it is decreed and ordered, that Thomas T. Worthington be appointed a commissioner, and having advertised the mill and lot in the town of Minerva, now in controversy, for sale &c. shall -proceed to sell &c.” From this decree the defendants prayed an appeal,-and Walker Reid, as their surety, became bound in an appeal bond to Sumrall and Murphy, in ihe penalty of three thousand dollars, with a condition annexed to this effect: that, as Sumrall and Murphy had obtained a decree against Waters &c. in the Mason circuit, in the following words, to wit, (here the decree is copied:) “ Now, if the said Richard L. Waters, Charles Ward and David Chiles shall well and truly prosecute the said appeal to effect ; or, in case the said decree shall be affirmed, shall well and truly pay and satisfy the amount recovered by the said decree, and shall also pay and satisfy all such damages and costs as shall be adjudged to the said Joseph R. Sumrall and William Murphy, in consequence of said appeal, then the above obligation to be void, otherwise to remain in full force and virtue.”
The present is an action of debt brought by Sumrall, as survivor, against Reid, upon the appeal bond. The declaration assigns breaches in the nonpayment of the amount of the judgment at law, and in the nonpayment of the costs adjudged by the court of appeals, upon the affirmance of the decree, and the failure on the part of the appellants to prosecute the appeal with effect. A verdict, and judgment having been rendered in favor of Reid, and a motion for a new trial overruled, Sumrall seeks a reversal in this court.
Sumrall contends, that Reid is liable upon the appeal bond, for the amount of the judgment at law, and this is the principal question in the cause. The extent of the obligation imposed by an appeal bond executed in conformity to law, and the stipulations it should contain, were considered and determined by this court in the case of Moore vs. Gorin, 2 Litt. 187. According to that *67 case, the surety is liable, in case of affirmance, for the amount of the judgment from which the appeal is prayed, as well as the damages and costs occasioned by the appeal. ft is insisted that the decree appealed from adjudged two thousand-two hundrd twenty eight dollars ninety seven and a half cents to the plaintiff, and, consequently, that Reid, the surety,, is liable for that amount. If the premises were true, the conclusion would be correct. But we are of opinion, that the decree appealed from did not adjudge any sum of money (unless it might be the costs of suit,) against Waters, or any of the appellees. The object of the bill was to enforce a lien, and thereby to secure a sum for which judgment had been rendered. The decree subjected the lot, according to the prayer of the bill, and beyond that there was nothing to be accomplished. When the object of the bill is regarded, there is no difficulty in-construing that part of the decree which requires Waters to pay the amount of the judgment at law on or before the 1st of May. it is not another judgment or decree for an equal amount of money, for and upon which an execution could be sued out, but it is a mere requisition that an existing judgment shall be satisfied at that time. The failure to perform the requirement 'is made the basis on which the sale of the lot is directed-The condition of the appeal bond, therefore, which requires Reid, on.affirmance, to i£ pay and satisfy the amount recovered by the decree,” does not impose any liability for the judgment at law.
As to the costs and damages claimed' in the declaration, it appears, by an inspection of the opinion of the court of appeals, that none were given. The averments of the declaration on this subject were not sustained by proof. The plaintiff made out no cause of action.
Wherefore, the judgment is affirmed, with costs.