## STEPHENS v. SHANNON.

PRACTICE IN SUPREME COURT: *Judgment on supersedeas bond.*

A decree fixing a lien on land for payment of purchase money was appealed by defendant to the Supreme Court, and he gave supersedeas bond in the usual form for the payment of damages and cost, and to satisfy the decree if affirmed, or any other the Supreme Court should render against the defendant. No personal judgment was rendered against the defendant nor could have been under the facts stated: *Held,* that no judgment could be rendered in the Supreme Court against the appellant and his sureties in the supersedeas bond upon affirmance of the decree; and a judgment here against them is, on motion, set aside.

*On motion to correct the decree heretofore entered in this case.*

COCKRILL, C. J. A decree condemning 160 acres of land to be sold for the payment of the purchase money due thereon was appealed from and affirmed. The decree had been superseded, and on the affirmance here the clerk entered judg-

ment against the appellant and the sureties on the appeal bond for $250, this being the amount named in the bond beyond which the liability of the sureties should not extend, together with statutory penalty. The purchase money due was $456, and was declared a lien on the appellant's lands and others also. The amount for which appellant should give security was fixed arbitrarily by the court in the decree. There was no personal decree against the appellant for any sum, and there could be none on the showing made.

A motion is entered here to vacate the judgment on the bond.

The bond is in the usual form to pay damages and costs adjudged against the appellant, and to satisfy and perform the decree appealed from, or any decree entered or ordered to be entered in the cause. The decree that was affirmed simply declared a lien on the land and directed it to be sold. This in itself imposes no obligation on the appellant or his sureties to pay anything, for the decree acts on the land only. The supersedeas bond does not change the nature of the judgment or decree on affirmance by this court, and where no judgment was rendered or could have been rendered against the appellant for the recovery of money in the court below, none can be rendered here. *Talbot v. Morton, 5 Litt., 327; Sumrall v. Reid, 2 Dan., 65; Graham v. Swigert, 12 B. Mon., 522.*

It would be premature to determine how far the liability of the sureties on the appeal bond in this case extends. That can be tested in an action at law on the bond after the decree has been executed. It is proper to say, however, that as judgment for costs is entered here against appellant, a like judgment may be entered against the sureties on the appeal bond, if that alone is desired. Otherwise the judgment must be vacated.