## WILSON *v.* KING.

### Opinion delivered April 7, 1894.

1. *Conflict of laws—Civil death.*

>   It is no defense to a civil action in this State that the plaintiff has
>   been found guilty of a capital offense and sentenced to death
>   in another State.*

2. *Liability of surety on second supersedeas bond.*

>   One who becomes surety on a supersedeas bond substituted for a
>   prior similar bond becomes liable for all damages accruing
>   during the pendency of the appeal, and not for those only
>   which accrue after it is filed.

Appeal from Saint Francis Circuit Court.

GRANT GREEN, JR., Judge.

*George Sibley* for appellant.

1.   The complaint was fatally defective.   1 Chitty, Pl. 369–70 ; Newman, Pl. & Pr. 279–80, 408, 435, 436, 439 *et seq.*

2.   King, the plaintiff, was civilly dead, and could not sue.   Mansf. Dig. sec. 566 ; 1 Bl. Com. 132 ; 2 *id.* 121 ; 4 *id.* 380.

3.   The bond was to be filed only upon conditions to be complied with, and the clerk had notice of the conditions.   8 Wend. 414, cited in note 4. p. 458 ; 2 Am. & Eng. Enc. Law, note, and par. 8, p. 458 *id.*; 48 Ark. 426 ; *ib.* 438–9.

4.   In any event defendant was only liable for rents after April 6, 1891.   2 Am. & Eng. Enc. Law, 466 *k* and note 1.

*W. G. Weatherford* for appellee.

1.   There was no proof that the bond was conditional, or that the clerk had notice.   48 Ark. 446.

---

*NOTE.—The subject of civil death is discussed in a note to *Davis* v. *Laning*, 18 L. R. A. 82.—[REPORTER.]

2. By executing the bond appellant was liable for *all* rents during the appeal. 51 Ark. 232; Mansf. Dig. secs. 1293–5.

BATTLE, J. In *Pillow* v. *King*, lately pending in this court, John Farmer executed a bond to stay proceedings on the decree appealed from in that case. He was afterwards released, on his application, from further liability, and S. C. Wilson executed another bond, in the sum of $3500, for the same purpose, which was filed with and approved by the clerk of this court. The condition and effect of the bond was as provided by section 1295 of Mansfield's Digest.

The decree which was appealed from in *Pillow* v. *King* was affirmed by this court, and King brought this action on the bond of Wilson to recover the damages he suffered during the pendency of the appeal by reason of being deprived of the use of the lands and other property, to the possession of which he was entitled under the decree affirmed, which he alleges exceeded the amount of the bond sued on. The defendant answered and alleged as follows:

First. That King was incompetent to sue, "because he was civilly dead, having been found guilty * * of murder in the first degree and been sentenced to death in Shelby county, Tenn."

Second. That, at the time he signed the bond, it was agreed with Mrs. Pillow, the appellant in *Pillow* v. *King*, that certain notes should be delivered to him (the defendant) for indemnity, before the bond was filed, of which he informed the clerk of this court; and that the notes had never been delivered.

Third. That, if liable at all, he was only liable for such damages or rents as accrued subsequently to the 6th of April, 1891, the day on which his bond was filed, Farmer being liable for the damages and rents which accrued while his bond was in force.

The uncontroverted allegations of the pleadings, and the evidence adduced at the trial of this action, tended to prove that the rents which accrued during the pendency of the appeal in *Pillow* v. *King* exceeded $3500. There is no contention that King ever received them from any source. No evidence was adduced or offered to show that the clerk of this court ever received notice of the agreement mentioned in the second ground of defense before the filing and approval of the bond sued on.

The jury returned a verdict in favor of the plaintiff for $3500, and judgment was rendered accordingly.

**First.** The conviction and sentence of King in the State of Tennessee did and does not affect his right to sue and recover in this State. Story on the Conflict of Laws (8th ed.), secs. 619–625.

**Second.** The second defense was wholly unsustained by the evidence, there being no evidence that the clerk of this court had notice, before the bond was filed, of the agreement of Wilson and Mrs. Pillow as to the conditions upon which it was to take effect. The bond showed the purposes for which it was executed, and impliedly authorized the filing of the same. For the purpose of securing its approval and acceptance by the clerk, there was indorsed upon or appended to it an affidavit of Wilson to the effect that he was worth, over and above all his liabilities and exemptions from executions, the sum of $3500, the amount of the bond.

**Third.** In order to stay the proceedings on a judgment or decree, during an appeal therefrom to this court, the statute requires the appellant to file a bond, executed by one or more sufficient sureties, to the effect, among other things, that the appellant shall pay "all rents or damages to property during the pendency of the appeal, of which the appellee is kept out of possession by reason of the appeal." The effect of the bond is to secure the payment of the value of the use of the property

1. Civil death as disqualification to sue.

2. Liability of surety on second supersedeas bond.

for the time the appellee was deprived of the possession, and the damages to it during the same time, in the event the judgment or decree is affirmed.  The object is to protect the appellee.  The statute provides that if a supersedeas bond is filed, and the court " shall consider the sureties insufficient, or the bond substantially defective, in securing the rights of the appellee, the court or judge," on motion and notice, " shall issue an order discharging the supersedeas, unless a good bond, with sufficient sureties, be forthwith executed."  The object of this proceeding is to supply the deficiency of the bond on file, and to do so the new bond is required to bind the sureties thereon for the payment of " all rents or damages to property during the pendency of the appeal." When filed, it relates back, and covers all rents and damages which accrued before and after it was filed, and during the pendency of the appeal.  *Dugger* v. *Wright*, 51 Ark. 232 ; *Bentley* v. *Harris*, 2 Grat. 357.

The defendant was liable for all the rents of, and damages to, the property recovered by the plaintiff in *Pillow* v. *King*, which accrued during the entire time of the pendency of the appeal therein.

Judgment affirmed.