BOLLING *v.* FITZHUGH.

## Opinion delivered March 25, 1907.

1. SUPERSEDEAS BOND—SUMMARY JUDGMENT.—It is only where there has been a recovery of a money judgment or decree that a summary judgment against the sureties on the supersedeas bond is authorized: the remedy in other cases being by an action at law on the bond after the decree has been executed. (Page 208.)

2. SAME—WHAT IS MONEY JUDGMENT.—A decree for the delivery to plaintiff of all notes and accounts, money and other property named belonging to a certain firm is not a decree for recovery of any definite sum of money, and cannot be enforced by a summary judgment on the supersedeas bond. (Page 209.)

Appeal from Crawford Chancery Court; *J. V. Bourland,* Chancellor; reversed.

Petition in the chancery court of Crawford County by Henry L. Fitzhugh, as trustee in bankruptcy of the estate of John Sharp, against the defendant, Ella R. Sharp and W. R. Bolling, surety, for judgment on a supersedeas bond executed by them. From a decree in favor of the plaintiff in accordance with the prayer of the petition, the defendant and said surety appealed.

*J. E. London* and *Winchester & Martin* for appellant.

Appellants had the right to turn over to the trustee the personal property mentioned in the former decree, and to that extent acquit themselves. If they were liable for rents collected from the realty pending the appeal, or for damages to the same, appellee's remedy is an action at law on the bond. 44 Ark. 178; 52 Ark. 340; 29 Ark. 208; Kirby's Digest, § § 1231, 1234-5.

*Sam R. Chew, Henry L. Fitzhugh* and *Jessie Turner* for appellee.

1. There is nothing before this court to be reviewed. Aside from the mandate brought upon *certiorari,* the whole of the transcript consists of an alleged bill of exceptions; and no evidence appearing that it was ever filed, it is no part of the record.   35 Ark. 386; *ib.* 395.   The office of a bill of exceptions is not to show facts that are properly matters of record, but to bring upon the record such matters as would not otherwise appear.   31 Ark. 725; 34 Ark. 696; 2 Cyc. 1057 note 60.

2. The decree of the court was correct, and fully authorized. Manifestly the "money and other property" mentioned in the decree "as pertaining to said interest in the firm of Wright and Company" included and referred to the $2,200 invested in the Wright and Company business, and the $500 invested in the stock of the sawmill company.

In legal effect, the finding that Sharp had, for the purpose of defrauding his creditors, invested this money in his wife's name, and the order requiring her to pay it over to the trustee, was a money judgment. This was a final determination of the rights of the parties as to the item of money in dispute. Kirby's Digest, § 6228. There was no tender. Expressing a desire to deliver the property falls far short of a tender. Mere ability and readiness to perform is insufficient. There must be an express offer of the thing to be delivered. 28 Am. & Eng. Enc. of L. 5, 29, 30. See also *id.* 21 ; 4 Ark. 450.

3. The action of the court in rendering judgment on the bond pursuant to the motion was proper. While an independent action at law on the bond would have been permissible, such a remedy would have been but concurrent.

McCULLOCH, J. The decree appealed from in the case of *Sharp* v. *Fitzhugh,* 75 Ark. 562, was in favor of the plaintiff, Fitzhugh, as trustee in bankruptcy of the estate of John Sharp, cancelling the title of the defendant Ella R. Sharp to certain real estate therein described and declaring the same to be assets in the hands of said trustees. The court further found that John Sharp, while insolvent and with the fraudulent intent to cheat, hinder and delay his creditors, invested the sum of $2,200 in the name of his wife, Ella R. Sharp, in the mercantile firm of Wright & Co., doing business in Alma, Ark.; that he also invested in her name the sum of $500 in the capital stock of a saw mill or lumber company in Oklahoma or Indian Territory, and that said stock then stood in the name of said Ella R. Sharp ; and that he also owned a pair of mules and wagon which he sold to one Montague and took a note for the sum of $225 payable to said Ella R. Sharp. . The court decreed these transfers and investments to be fraudulent and void as against said trustee in bankruptcy, and "ordered that said defendants, John Sharp and Ella R. Sharp, turn over to said trustee all the notes.

and accounts, money and other property herein above mentioned as pertaining to said interest in the firm of Wright & Co., the Montague note and said corporate stock."

The defendants appealed, and executed a supersedeas bond, with appellant Bolling and others as sureties, in the form prescribed by the statute, conditioned that said appellants should "satisfy and perform the judgment or order appealed from in case it should be affirmed, or any judgment or order which the Supreme Court may render or order to be rendered by the inferior court, not exceeding in amount or value the original judgment or order, and all rents or damages to property during the pendency of the appeal of which the appellee is kept out of possession by reason of the appeal." This court reversed the decree as to the real estate, but affirmed it in all other respects. The mandate of this court was filed in the chancery court, and upon filing thereof the plaintiff filed his petition praying for summary judgment against the principal and sureties on the supersedeas bond for $12.95 cost of suit and for the sum of $2,700 with interest from the date of the original decree of the chancery court, amounting to $3,332.75 in the aggregate. The court rendered a decree in accordance with the prayer of the petition, and the defendant, Mrs. Sharp, and sureties excepted, and offered to deliver up the property mentioned in the original decree. This was on the same day that the mandate was filed. On a subsequent day of the same term they moved the court to set aside the decree, which motion was overruled, and they appealed to this court.

The court was not authorized to render summary judgment on the supersedeas bond.

In *Stephens* v. *Shannon,* 44 Ark. 178, where, upon affirmance of a decree declaring a lien on land, judgment was sought here against the sureties on the bond, the court said: "The supersedeas bond does not change the nature of the judgment or decree on affirmance by this court; and where no judgment was rendered or could have been rendered against the appellant for the recovery of money in the court below, none could be rendered here."

It is only where there has been a recovery of a money judgment or decree that a summary judgment against the sureties

on the supersedeas bond is authorized. Their liability in other respects on the bond must be tested by an action at law on the bond after the decree has been executed. *Stephens* v. *Shannon, supra*. The lower court which rendered the original decree could exercise no greater power than this court in enforcing liability on the bond. The original decree, it can be seen, was not for the recovery of money. It merely directed the delivery of certain notes and choses in action and money, if any, arising therefrom, without ascertaining the amount of money. As there was no decree for any specific sum of money, no summary judgment or decree can be rendered on the bond. The remedy of the plaintiff is by an action at law on the bond.

We do not overlook the argument made by learned counsel for appellee that the original decree was in effect one for the recovery of the sum of $2,200 invested by John Sharp in the mercantile firm of Wright and Company and $500 invested by him in the capital stock of a corporation in Oklahoma or Indian Territory; but we cannot agree with them that such was the purport of the decree. The decree was for a delivery "to said trustee of all notes and accounts, money and other property herein above named as pertaining to said interest in the firm of Wright & Co., the Montague notes and said corporate stock." This does not amount to a decree for the recovery of any definite sum of money.

Judgment was rendered by this court against appellant and the sureties for the cost of suit when the case was here on former appeal. This was all that summary judgment could be rendered for.

Decree reversed and petition dismissed.