BARNETT BROTHERS *v*. PORTER.

Opinion delivered May 6, 1918.

1.   APPEAL AND ERROR—WRITTEN INSTRUCTIONS.—The right to have instructions reduced to writing will be treated as waived, where the appellant made no objection to the court's 'action at the trial.

2. APPEAL AND ERROR—REFUSAL OF TRIAL JUDGE TO ALLOW AN EXCEPTION.—It is the province of the trial judge to determine what evidence was heard at the trial and to make a certificate thereof in the bill of exceptions, and the judge's certificate is conclusive on appeal in the absence of a bystander's affidavit. (Kirby's Digest, § 6226.)

3. APPEAL AND ERROR—MOTION FOR NEW TRIAL—AFFIDAVITS—EXCEPTIONS.—Where the trial judge has refused to allow an exception, the affidavits filed in support of the motion for a new trial will not be held to constitute a compliance with the provisions of Kirby's Digest, § 6226.

Appeal from Hot Spring Circuit Court; *Scott Wood,* Judge on Exchange; affirmed.

*Oscar Barnett,* for appellants.

1. The instructions are erroneous, and were given orally when they should have been in writing as required by law and as requested by appellants. 81 S. W. 382; 115 Ark. 339; 34 *Id.* 257; 47 *Id.* 407; 51 *Id.* 177; 10 S. W. 257; 39 *Id.* 358.

2. It was error to entertain the answer and demurrer in justice of the peace court. 169 S. W. 959; 61 Ark. 605; 33 *Id.* 1064; 55 Ark. 200; 94 *Id.* 54; 125 S. W. 1007.

3. Unreasonable and vexatious costs were allowed. 52 Ark. 103; 27 *Id.* 20; 12 S. W. 204. Improper credits were allowed.

4. A new trial should have been allowed and judgment for possession of the mare awarded. 127 S. W. 962; 94 Ark. 566; 150 S. W. 693; 146 *Id.* 286.

5. The bill of exceptions was settled and signed by the presiding judge.

*E. H. Vance, Jr.,* for appellee.

1. There were no objections to the oral instructions, and they were afterwards reduced to writing. They are not erroneous.

2. The value of the mare is not stated as required by Kirby's Dig., § 6854. Nor is it stated in the order of delivery. *Ib.,* § 6856.

3. No proper bond was given. *Ib.,* § 6857; 94 Ark.

456; 83 *Id.* 80. Nor was a verified statement of account made. Kirby's Dig., § 5415.

4. The mare was illegally appraised and sold.

5. The mortgage debt had been paid.

6. The bill of exceptions was not properly signed. 51 Ark. 278; 101 *Id.* 85; 109 *Id.* 123.

7. The verdict is sustained by the evidence, and should not be disturbed. 200 S. W. 790-3; 51 Ark. 459; 23 *Id.* 159.

SMITH, J. Barnett Bros. purchased a mortgage which Joe T. Porter had given E. M. Sligh on a mare and the crop of cotton and corn which Porter was growing on Sligh's farm. Barnett Bros. brought replevin for the mare for the purpose of foreclosing this mortgage. A number of motions were filed in the court of the justice of the peace, and the proceedings there resulted in an order dismissing the action and ordering the restoration of the mare to Porter. Notwithstanding that order, the possession of the mare was not restored and Barnett Bros. applied to the justice of the peace to appoint appraisers for the purpose of foreclosing the mortgage. The mare was appraised at $65 and was sold for $43. An appeal was prosecuted to the circuit court, where, upon a trial before a jury, a verdict was returned in favor of Porter for $65 as the value of the mare and for $50 as damages for the wrongful taking. The mortgage had been given to secure the payment of rent and certain goods and supplies to enable Porter to make a crop, and there was a controversy over the value of these supplies. The testimony was sharply conflicting as to the credits to which Porter was entitled. These credits included the proceeds of some cotton, the value of certain hay and peanuts, and certain labor performed by Porter, the value of all of which, according to his evidence, more than equaled the mortgage indebtedness and had, therefore, extinguished the mortgage indebtedness. It would serve no useful purpose to set out this testimony, as it was legally sufficient

to have supported a finding either way, and the verdict of the jury has resolved conflicts in favor of Porter.

(1) The instructions were given orally and appear to have been written out by the trial judge only when the bill of exceptions was presented to him for his approval, and it is now insisted that oral instructions should not have been given but that they should have been reduced to writing. It appears, however, that no such objection was made at the time of the trial, and it is too late now to raise that question. Appellant had the right, of course, to require the trial judge to reduce the instructions to writing, but this was a right which could be waived and will be held to have been waived because the objection now urged was not made in apt time. It is true appellant did request time to prepare certain written instructions, but it is not shown what these instructions would have contained nor does it appear that they were not covered by the instructions which were in fact given. The trial was evidently a tedious one, as appears from the number of motions found in the record. The record presents no questions of any legal difficulty, and the issues involved are almost entirely ones of fact, and it appears that these issues were fully covered by the oral instructions given by the court, and no abuse of discretion is shown in failing to give appellant an opportunity to prepare and submit written prayers for instructions.

(2-3) In support of the motion for a new trial, which was filed on July 27, 1917, affidavits were filed showing the discovery of alleged new testimony. These affidavits were to the effect that Porter had testified at the trial that the mare's young colt had starved to death because it had been separated from its mother, when in fact Porter had sold the colt, and that the truth in regard thereto had become known only after the trial. And it is said that the jury took the loss of this colt into account in assessing the damages. Counter-affidavits were filed to the effect that there was no evidence that the colt had died; and it does not appear that the instructions submitted this issue. The motion for a new trial was over-

ruled on October 6, 1917, by Hon. W. H. Evans, the regular judge; but the trial had been presided over by Hon. Scott Wood upon an exchange of circuits. The certificate to the bill of exceptions prepared by Judge Wood, dated November 19, 1917, reads as follows: "I am unable to determine the question of whether or not Joe Porter, Eugene Porter and other witnesses testified that the colt concerning which they testified starved to death." This statement must be construed as declining to allow the exception that there was such testimony. It was the province of the court to determine what evidence was heard at the trial and to make a certificate thereof in the bill of exceptions; and with the record now before us we must hold that he has refused to allow this exception. And in the absence of a bystanders' bill of exceptions this certificate is conclusive upon us. Appellant had the right when the trial judge refused to allow this exception to bring it into the record through the affidavits of bystanders in accordance with section 6226 of Kirby's Digest. The affidavits filed in support of the motion for a new trial can not be held to constitute a compliance with the provisions of this section, because they were not filed for that purpose and they are not treated by counsel for appellant as constituting a bystanders' bill of exceptions. They were prepared and used in support of the motion for a new trial, and if they had any place in this record— a fact which we do not decide—it would have been necessary to bring the affidavits themselves into the record through the bill of exceptions. So that we have before us only one bill of exceptions, and that is the one signed by the trial judge, and according to it the record presents no question of newly discovered evidence.

Some other questions are raised in the brief, but they are not of sufficient importance to be discussed here.

Appellee not only asks an affirmance of the judgment of the court below, but asks us to render judgment here for the usable value of the mare since the date of the judgment below. We can not do this, because it would be the exercise of original jurisdiction to determine who

had possession of this mare from the date of the judgment below and what its usable value has been. Any relief to which appellee may be entitled on this account must be obtained by a suit on the supersedeas bond. *Bolling v. Fitzhugh,* 82 Ark. 206; *Love* v. *Cahn,* 93 Ark. 215. Judgment affirmed.