E. O. BARNETT BROS. *v.* PORTER.

Opinion delivered March 24, 1919.

EQUITY—RELIEF AGAINST JUDGMENT AT LAW RES JUDICATA.—Equity will not grant relief against a judgment at law upon the ground of surprise where the facts relied upon as ground for relief in equity were set up in the motion for new trial on the trial in the action at law.

Appeal from Hot Spring Chancery Court; *J. P. Henderson,* Chancellor; affirmed.

*Oscar Barnett,* for appellants.

1. It was error to sustain the demurrer. The allegations of the amended answer show that appellee only asked $25 for the alleged wrongful taking of the mare

but the jury awarded $50, or $25 more than he asked. A claimant cannot state one cause of action and recover on another. 31 S. W. 262; 8 *Id.* 562; 170 *Id.* 324. The affidavit of Goodman by which this court was guided and the manner in which it was gotten into the record before this court in the case in 203 S. W. 842 was a fraud practiced on this court. A court of chancery has inherent power without the consent of the appellate court to review, on the grounds of newly discovered evidence, its decrees, though it has been passed upon on appeal. 155 S. W. 99; 159 *Id.* 20. See also the parallel case of 121 S. W. 282. The case made entitles appellant to the relief prayed. Cases *supra.* 33 Ark. 173; 121 S. W. 282.

2. The demurrer admits the truth of the allegations of fraud. 169 S. W. 808. The petition states a case for relief in equity. 85 S. W. 87; 33 Ark. 173; 60 *Id.* 453; 141 S. W. 729; 188 *Id.* 1164; 113 Ark. 134. The allegations are admitted to be true by demurrer. 153 S. W. 94; 106 Ark. 157; 170 S. W. 324. The fraud admitted the judgment should be reversed and cause remanded. 170 S. W. 324.

*E. H. Vance, Jr.,* for appellee.

The judgment in *Barnett Bros.* v. *Porter* was affirmed in 203 S. W. 842. Appellants in this case use the same affidavits used in the former case in circuit court in their motion for new trial. The decree of the chancellor should be sustained. 15 Ark. 403; 35 *Id.* 909; 37 *Id.* 519. On the merits of the case see 126 Ark. 562; 132 *Id.* 432; 94 *Id.* 375. Fraud was practiced in the trial of the original case, which was admitted, but it was known to appellant before the motion for new trial was filed and the decision of this court is final and the demurrer was properly sustained.

SMITH, J. The parties to this litigation were the parties to a suit brought originally as an action in replevin, and after a trial which resulted in a judgment in favor of Porter in the circuit court, Barnett Bros. prosecuted an appeal to this court. The judgment of the

circuit court was affirmed by us in an opinion found reported in 134 Ark. 268, 203 S. W. 842. Thereafter Barnett Bros. brought this suit in the chancery court of Hot Spring County—the county in which the trial at law had occurred—to set aside the judgment which had been pronounced thereon and affirmed by this court.

The relief prayed for was asked upon the ground that fraud had been practiced in the trial of the original cause, in that witnesses for Porter had testified, for the purpose of increasing the damages, that the colt of the mare, which constituted the subject-matter of the replevin suit, had died for the want of nourishment after the mare had been seized under the order of delivery, when, in truth and in fact, the colt had not died. It was also alleged that the falsity of this testimony was not known until after the trial. Attached to the complaint as exhibits thereto were copies of the affidavits which had been used in support of the motion for a new trial. A demurrer to the complaint was sustained, and this appeal has been prosecuted to reverse the decree of the court below dismissing the complaint as being without equity.

We have before us here the identical record upon which the judgment of this court has already been pronounced with allegations to the effect that the false testimony in regard to the colt constituted such a fraud in the procurement of the judgment as authorizes the chancery court to set it aside.

It appears, however, from the recitals of our former opinion and the complaint now before us that all the facts now alleged as constituting the fraud complained of were known to appellant when he filed his motion for a new trial and were recited in said motion, and one of the points sought to be raised on the former appeal was the alleged error of the trial court in refusing to grant a new trial in view of the showing made of false testimony in regard to the colt. We there held that the trial court had refused to allow the exception in regard to the surprise occasioned by the alleged false swearing in regard to the colt and that the exception had not been

brought up on the record by a bystanders' bill of exceptions as provided by statute. The decision to that effect is conclusive of the facts raised on this appeal, and the decree of the court below sustaining the demurrer is, therefore, affirmed.