MARKLE *v.* FALLIN.

Opinion delivered January 17, 1927.

1.  APPEAL AND ERROR—SUPERSEDEAS BOND—LIABILITY OF SURETIES.—
    In a suit against the sureties on a supersedeas bond, after affirm-
    ance of the suit in which it was given, it was error to charge them
    with the costs of executions issued to enforce a liability which did
    not exist against them.

2.  APPEAL AND ERROR—LIABILITY ON SUPERSEDEAS BOND.—Where a
    decree confirming a purchase by plaintiff at a foreclosure sale has
    been affirmed, the sureties on defendant's supersedeas bond are
    liable for the rental value of the land while detained by defend-
    ant, as the purchase price was credited on the judgment and bore
    no interest.

3.  USE AND OCCUPATION—DAMAGES.—The measure of damages for
    detention of real estate, to the possession of which one is legally
    entitled, is the rental value of the property.

4.  APPEAL AND ERROR—LIABILITY ON SUPERSEDEAS BOND.—Where a
    decree confirming a purchase by plaintiff at a foreclosure sale was
    affirmed, it was not error to render judgment against one only of
    the sureties on the defendant's supersedeas bond for rents on the
    property detained collected by such surety.

Appeal from Washington Chancery Court; *Sam
Williams,* Chancellor on exchange; modified.

*W. N. Ivie,* for appellant.

SMITH, J.   J. A. Fallin brought suit in the Wash-
ington Chancery Court to foreclose a vendor's lien
on a house and certain lots in the city of Fayetteville
which he had sold to Mrs. Lillie Vick, now Markle.   A
decree in his favor was rendered, and the clerk of the
court was appointed commissioner to sell the land.   The
judgment in Fallin's favor was for $5,698.24 and interest.
After advertising the lots for the time and in the manner
directed by the decree, the commissioner sold the lots,
and Fallin became the purchaser, his bid at the sale being
$4,850.

The Arkansas National Bank filed an intervention
in this foreclosure proceeding, in which it claimed that
certain of the purchase-money notes had been assigned
to it by Fallin as collateral to a $1,500 loan which the
bank had made Fallin.

Exceptions were filed by Mrs. Markle to the confirmation of the report of the commissioner, but, as no testimony was offered in support of the exceptions, the report was confirmed, and the commissioner was directed to pay to the bank the sum found to be due it, unless Mrs. Markle should, before noon of the 20th day of March, 1923, "file a bond with the clerk of the Supreme Court on such terms as to procure a supersedeas, and shall cause the supersedeas to be delivered to said commissioner before said hour on said date." The bond was filed with the clerk of the Supreme Court on the 18th day of March, and the supersedeas issued on that day.

This bond was conditioned as follows: "Now, the undersigned, as sureties, hereby covenant with the said appellee that the said appellant will pay to the appellee all costs and damages that may be adjudged against the appellant on appeal; or in the event of the failure of the appellant to prosecute said appeal to a final judgment in the Supreme Court; or, if the said appeal shall for any cause be dismissed, that said sureties shall pay to the appellee all costs and damages, together with all rents or damages to property during the pendency of the appeal, of which the appellees are kept out of possession by reason of the appeal."

Before this bond was filed the commissioner's report was confirmed.

The decree appealed from was affirmed by the court on December 27, 1923, and a judgment was rendered against appellant and the sureties on the supersedeas bond for the debt, interest and costs. The mandate from this court did not go down until July 19, 1924. Thereafter Fallin caused execution to be issued by the clerk of the chancery court against said sureties on this judgment. One of the executions was directed to the sheriff of Madison County, the other to the sheriff of Washington County. A motion was then filed by Mrs. Markle and the sureties to amend the judgment of this court, and the prayer of that motion was granted, and a *nunc pro tunc* order was entered affirming the decree of the court below

and rendering judgment for all costs. In this judgment it was ordered that the executions which had previously been issued be recalled and quashed.

Fallin brought this suit against the sureties on the supersedeas bond, and alleged the facts recited above, and prayed judgment for the rents which had accrued on the property sold since the date of the confirmation of the sale to him, and for all costs in the foreclosure proceedings.

Testimony was offered to the effect that, after the affirmance of the foreclosure decree by this court, negotiations were entered into between Fallin and the sureties on the supersedeas bond whereby the judgment should be paid and the property returned to Mrs. Markle. The proposition was also considered of making a private sale of the property by Mrs. Markle, and, as a means to that end, she executed a deed to J. P. Harter, who was one of the sureties on the supersedeas bond, as trustee. Harter was in possession of the property from May 19, 1924, to April 24, 1925, during which time he collected the rents on the property.

A decree was rendered in the suit on the supersedeas bond, in which all the sureties were held liable for all the costs of the foreclosure proceeding, including the costs on the two executions, and the costs of the commissioner's sale and the confirmation thereof, and for the rent of the property to the time Harter, as trustee, took possession of the property, and a decree was rendered against Harter alone for the rent collected by him, less certain expenses he had incurred in making repairs and certain insurance he had paid, and this appeal is from that decree.

We think the court below was in error in charging the sureties with the costs on the two executions, amounting to $17, because there was never in fact any authority for the issuance of these executions. They were issued to enforce a liability which we held, when the matter was called to our attention, did not exist against the sureties.

We think, however, judgment was properly rendered against the sureties for all other costs. The supersedeas bond expressly covered those items.

The real point in controversy, however, is the rents on the property accruing since the confirmation of the commissioner's sale. Appellants invoke the doctrine of many cases to the effect that a mortgagor in possession cannot be held liable for rent on the mortgaged property, the measure of his liability being interest on the debt which the mortgage secures.

We think, however, that this doctrine is not applicable here. It is true Mrs. Markle was a mortgagor in possession, but she had another relation to the property. She is also a judgment debtor in possession of property which had been sold under a decree of foreclosure and the sale had been duly confirmed after exceptions thereto had been overruled. After the decree of confirmation the purchaser was entitled to the possession of the property, and his right to the possession was postponed by reason of the supersedeas bond, wherein the sureties assumed and agreed to pay the damages and costs. Fallin's bid became a credit on his judgment when the sale was approved and confirmed, and he was thereafter entitled to the possession of the property. He was not thereafter entitled to interest on his entire judgment, but to interest only on the part of the judgment which his bid at the commissioner's sale did not suffice to pay. The supersedeas bond operated to deprive Fallin, not of interest, but of rent, because the measure of damages for the detention of real estate, to the possession of which one is legally entitled, is the rental value of the property.

In the case of *Wilson* v. *King,* 59 Ark. 32, Judge BATTLE said: "The effect of the bond (a supersedeas bond to enable appellant to retain possession of land) is to secure the payment of the value of the use of the property for the time the appellee was deprived of the possession and the damages to it during the same time, in the event the judgment or decree is affirmed."

Appellants say, however, that there was no demand for possession until most of the rent here sued for had accrued. It may be conceded that Fallin might have secured possession of the property at an earlier date than he did secure it by suing out a writ of possession; but it is also true that Mrs. Markle and her sureties could have arrested the accumulation of liability on the bond by surrendering the possession of the property. Moreover, it is shown here that the delay in taking possession of the property was the result of an indulgence to enable the sureties to retake the property and make a more advantageous sale thereof than the commissioner had made. This sale was not made, and the sureties are in no position to complain of the delay.

It is finally insisted that it was error, in any event, to render judgment against Harter individually for any of the rent, for the reason that this is a suit on the supersedeas bond, and that Harter's liability is common to that of the other sureties.

We think there was no error in rendering a decree against Harter for a larger amount than was rendered against the other sureties on the bond. The complaint alleges "that, after the affirmance of the said judgment by the Supreme Court, the defendant, J. P. Harter, took possession of the premises, and has rented the same to other persons to the present time."

Had Fallin elected so to do, he might have sued Harter alone on the bond. Harter might have raised the question of the right of contribution as against the other sureties; but that question does not arise here, because the judgment against Harter individually is for a sum which he does not question came into his hands personally. The decree only requires him to pay a sum of money which he admits receiving, and he was allowed the credits to which he was entitled.

The decree of the court below will therefore be modified by striking out the items of costs incurred in connection with the executions, and in all other respects will be affirmed.