DOVER *v.* HENDERSON.

4-5402                                                    125 S. W. 2d 798.

Opinion delivered March 6, 1939.

972

*J. F. Quillin,* for appellant.
*Gordon B. Carlton,* for appellee.

Holt, J.   On February 3, 1937, appellees filed suit; for unlawful detainer in the Polk circuit court against appellant, L. M. Dover, and for possession of three lots. in the town of Hatfield, which they claimed to own, and for rents.   Appellant filed answer and after issues joined. the cause was submitted to the court and on April 27,. 1937, judgment was rendered in favor of appellees,. awarding them possession of the property, but held that, no sufficient showing was made to entitle them to rents.. From this judgment, appellant Dover, in apt time, per-- fected his appeal to this court, and on the 3rd day of May,, 1937, executed a supersedeas bond, with himself as prin-- cipal and Ober Rowe, D. O. Dover and Dr. C. A. Campbell as sureties.   His appeal was prosecuted to this court and: the judgment of the trial court was affirmed on November 22, 1937, and is reported in 195 Ark. 496.

Upon the return and filing of a mandate with the clerk: of the Polk circuit court, appellees filed a motion in the· Polk circuit court for a summary judgment against appel-- lants, Dover as principal and Ober Rowe, D. O. Dover and: Dr. C. A. Campbell, as sureties on the supersedeas bond,,

for rents on the property in question, in the sum of $324.70, which had accumulated during the appeal to this court, covering the time appellees had been deprived of the possession and use of said property, pending said appeal, from April 27, 1937, to February 25, 1938.

Appellants filed their joint response to the motion denying the right of appellees to recover for rents and damages, and pleading as a complete bar to the action, on the bond, both that the bond did not bind appellants for the payment of rents, and that all questions raised in the motion, except that of physical damage to the property, were *res adjudicata*. They further pleaded that the bond was not in statutory form and offered that as another defense to summary judgment thereon. Upon the petition, response, evidence of witnesses introduced by both appellants and appellees, the original judgment of the trial court and its findings of law and fact in the first trial, the court entered judgment in favor of appellees and against appellants in the sum of $324.70 for the rents accruing since the judgment in the original suit rendered on April 27, 1937, up to February 25, 1938, the latter date being the time appellants surrendered possession of the property in question to appellees. From this judgment comes this appeal.

Omitting formal parts, the motion for summary judgment filed by appellees is as follows. "Come the plaintiffs, Talmadge Henderson and Vivian Henderson, and move the court for judgment against the defendant, L. M. Dover, and the sureties on his supersedeas bond, Ober Rowe, D. O. Dover and Dr. C. A. Campbell, and each of them, for cause state: That on the 23rd day of April, 1937, plaintiffs were awarded a writ of possession against the defendant, L. M. Dover, by an order of this court for possession of lots 4, 5 and 6 in block 5, of the town of Hatfield, in the above-styled action. That the defendant prayed and was granted an appeal to the Supreme Court of Arkansas from said order and judgment of this court, and on the 3rd day of May, 1937, the defendant, L. M. Dover, and Ober Rowe, D. O. Dover and Dr. C. A. Campbell executed a supersedeas bond

wherein it was provided that they would pay all rentals and damages to said plaintiffs during the pendency of the appeal, of which appellees, plaintiffs herein, were kept out of possession by reason of said appeal. That said supersedeas bond was duly filed with the clerk of this court on the 3rd day of May, 1937, and a copy of said bond is attached hereto, marked Exhibit "A", and made a part of this motion. That thereafter the defendant perfected his appeal to the Supreme Court, and on the 31st day of January, 1938, the date when said judgment was affirmed, and thereafter, until the 25th day of February, 1938, the defendant kept plaintiffs out of possession of the said property and retained the use and possession of said property himself. That during said period of time the defendant failed, refused and neglected to pay the rental on said property and still continues to refuse payment of said rental. That the customary and proper rental to which plaintiffs are entitled for said period of time is one cent per gallon of the gasoline sold by said defendant at his station on said property, and that during said period the defendant sold 32,470 gallons of gasoline, and the rental thereon amounts to the sum of $324.70 and $100 damages to building. That the plaintiffs are entitled to a judgment against the defendant, L. M. Dover, and the sureties on said supersedeas bond, Ober Rowe, D. O. Dover and Dr. C. A. Campbell, and each of them, in the sum of $324.70 as reasonable rental and damages for the use of said property and withholding the same from the plaintiffs. Wherefore plaintiffs ask for judgment against the said L. M. Dover, Ober Rowe, D. O. Dover and Dr. C. A. Campbell in the sum of $324.70 as rental and $100 damages for the use of the property herein described for the period set out and for the further sum $15 which was the cost of printing of plaintiffs' briefs in the Supreme Court in this cause."

The material portions of the supersedeas bond, copy of which was made a part of this motion as Exhibit "A", are as follows: . . . "Now, L. M. Dover, as principal, and Ober Rowe, D. O. Dover and Dr. C. A.

Campbell, as sureties, hereby covenant with the said appellees that the said appellant will pay to the appellees all costs and damages that may be adjudged against the appellant on the appeal, . . . and shall perform the judgment of the court appealed from . . . and all damages to property during the pendency of the appeal of which the appellees are kept out of possession by reason of the appeal."

Appellants in their joint response to this motion allege as follows: "They deny that said bond bound the respondents to pay all rents and damages to said plaintiffs during the pendency of the appeal; they state that, in the complaint filed in this action, the plaintiffs ask judgment against the defendant, L. M. Dover, for rent upon the property involved herein, the sum prayed for being cumulative as such rents might accrue; that when judgment was rendered in this cause against the said defendant on April 23, 1937, the court specifically found that the plaintiffs were not entitled to rent upon said property, as is shown by the court's findings of fact and of law, a copy of which is attached hereto, marked Exhibit "A", that upon said findings of facts and law the judgment of the court was entered upon the record, said judgment being specifically referred to herein, and in said judgment the plaintiffs were not awarded judgment for rents. That upon the rendition of said judgment the said defendant appealed from the portion thereof which was against him, but the plaintiffs did not appeal nor cross-appeal from the findings and judgment upon the question of rents; that the time for such appeal or cross-appeal has now expired, and that the said judgment of this court has now in all things been affirmed by the Supreme Court of Arkansas, as alleged in plaintiffs' motion. That in the answer to the original complaint of the plaintiffs, the said defendant denied that he owed the plaintiffs for any rents; that the issue thus joined was material to this cause as first presented, and that the question of rents, therefore, has been fully adjudicated and determined against the plaintiffs, and is now res adjudicata. That because no judgment for rents

was entered against the said defendant, the supersedeas bond upon which judgment is now asked by the plaintiffs did not include rents or any damage except physical damage to the property, and that, therefore, the respondents are not liable to the plaintiffs for rents or any other damage except physical damage to the property. That the said bond is not in the statutory form, and does not, therefore, authorize or permit judgment against sureties thereon. The respondents plead all of the above matters and things as a complete bar to plaintiffs' motion, and allege that all the issues raised in said motion are *res adjudicata*."

Omitting immaterial parts, the trial court at the close of all the testimony, entered judgment as follows: "Whereupon the cause is submitted upon the motion for judgment on supersedeas bond, the response and plea of abatement interposed thereto on the part of the respondents and on the evidence taken on the part of both plaintiffs and respondents. The court being well and sufficiently advised as to all matters of fact and law arising herein doth find. That the damages sustained by plaintiffs by reason of the wrongful withholding of said possession from the date of judgment of this court until the date when the possession of the property was restored to plaintiffs amounted to $324.70, said damages being in the nature of rentals based on the usual customary rental on said property and other property of similar character rented in like manner in that community. That under the terms and conditions of said supersedeas bond the respondents, and each of them are liable to the plaintiffs in damages in said sum of $324.70," and ordered that appellees recover of appellants and each of them in the sum of $324.70.

On this state of the record appellants earnestly contend, first, that since there was no judgment for money rendered in the original case the court did not have authority to grant summary judgment upon the bond. It is true that the only judgment rendered by the court in the original suit was for possession of the lots in question and no money judgment was awarded, and this court

on appeal from that judgment could award none, however, the judgment that we are now considering on this appeal is a judgment growing out of the liability of appellants incurred on the supersedeas bond which binds appellants to pay to appellees "all damages to the property during the pendency of the appeal of which appellees are kept out of possession by reason of the appeal." Obviously no judgment could have been rendered by the circuit court for rents at the time of the trial on the bond for none had accrued within the terms of the supersedeas bond at that time. The provision of the statute, Pope's Digest, § 2785, with reference to judgment against sureties is as follows: "Upon an affirmance of any judgment, order or decree by the Supreme Court, which has been wholly or in part superseded, judgment shall be rendered and entered up against the securities on the supersedeas bond, and the court shall award execution thereon." It is clear, therefore, that when the judgment of the trial court was affirmed the liability of the principal and sureties on the supersedeas bond became fixed, however, the extent of their liability and the amount of appellees' recovery against appellants for rents or damages must be tested by an action at law on the bond as was held in Bolling v. Fitzhugh, 82 Ark. 206, 101 S. W. 173.

We have set out at length the motion for summary judgment and the response thereto filed by the parties in the court below. We hold that the effect of these pleadings and the trial thereon amounted to a suit at law on the bond in question. It makes no difference whether they be called a motion and response or a complaint and answer, their effect and the judgment rendered must be the same. Section 1232 of Pope's Digest provides: "The forms of all actions and suits heretofore existing are abolished." Climer v. Aylor, 123 Ark. 510, 185 S. W. 1097. The case was tried and fully developed on the issue as to the amount of rents to which appellees were entitled during the pendency of the appeal. No rights were denied appellants. The trial court found this amount to be $324.70. To hold that this procedure was

not in effect an action at law on the supersedeas bond in question would be to put form above substance.

Appellants next contend that the bond was not in statutory form and did not cover rents. The supersedeas bond upon which the judgment in this case is based is a statutory one and not a common law bond. In all cases appealed to this court when the appellant executed a supersedeas bond, § 2765 of Pope's Digest sets out specifically the provisions and conditions that such supersedeas bond shall contain. Among other things this section provides as follows: ''Will satisfy and perform the judgment or order appealed from in case it should be affirmed, and any judgment or order which the Supreme Court may render, or order to be rendered by the inferior court, not exceeding in amount or value the original judgment or order, and all rents or damages to property during the pendency of the appeal of which appellees are kept out of possession by reason of the appeal.''

The bond, in the instant case, contains this provision of the statute except that the word ''rents'' is omitted, so that the only variance between the statutory bond and the bond which was actually filed in the instant case and upon which the judgment was predicated, was the omission of the one word ''rents.'' We hold that the word ''damages'' as used in the bond filed in the instant case was broad enough to include rents, and that it was the intention of the parties that rents were included. This being a statutory bond the provisions of the statute must be considered as written into it.

In *New Amsterdam Casualty Co.* v. *Detroit Fidelity & Surety Co.,* 187 Ark. 97, 58 S. W. 2d 418, this court said: ''The bond sued on is a statutory bond, and such bonds, executed in the form prescribed by the statute, are to be construed, as respects the rights of both principal and surety, as though the law requiring and regulating them were written in them. *Crawford* v. *Ozark Ins. Co.,* 97 Ark. 549, 134 S. W. 951; *Detroit Fidelity & Surety Co.* v. *Yaffee Iron & Metal Co., Inc.,* 184 Ark. 1095, 44 S. W. 2d 1085; *Zellars* v. *National Surety Co.,* 210 Mo. 86,

108 S. W. 548; 9 C. J. 34. In construing this bond the court must construe it as if the law were written into it." See also *Jones* v. *Hadfield,* 192 Ark. 224, 96 S. W. 2d 959, 109 A. L. R. 488.

Again in *United States Fidelity & Guaranty Co.* v. *Fultz,* 76 Ark. 410, 89 S. W. 93, this court said: "The bond was executed pursuant to the instructions of the statute and the obligators are presumed to have known the terms of the statute and to have bound themselves with reference thereto."

In *Wilson* v. *King,* 59 Ark. 32, 26 S. W. 18, 23 L. R. A. 802, this court points out the functions of a supersedeas bond in the following language: "In order to stay the proceedings on a judgment or decree, during an appeal therefrom to this court, the statute requires the appellant to file a bond, executed by one or more sufficient sureties, to the effect, among other things, that the appellant shall pay 'all rents or damages to property during the pendency of the appeal, of which the appellee is kept out of possession by reason of the appeal.' The effect of the bond is to secure the payment of the value of the use of the property for the time appellee was deprived of the possession, and the damages to it during the same time, in the event the judgment or decree is affirmed. The object is to protect the appellee. . . . When filed, it relates back, and covers all rents and damages which accrued before and after it was filed, and during the pendency of the appeal. *Dugger* v. *Wright,* 51 Ark. 232, 11 S. W. 213, 14 Am. St. Rep. 48; *Bentley* v. *Harris, Admr.,* 2 Grat. 357."

We hold, therefore, that no error was committed in this regard.

Appellants finally contend that the question of rents was *res adjudicata.* We think there is no merit to this contention for the reason that whatever rents, if any, may or may not have been due up to the time of the original trial in the circuit court below, could have no bearing on such rents as might accrue during the pendency of the appeal, and the decision of the trial court holding against appellees on the question of rents due up to the

time of the judgment of the trial court in the original suit cannot affect the court's judgment for rents from the date of the judgment in the original suit during the time of the appeal from that judgment.

On the whole case we hold that there were no errors, and the judgment of the trial court should be affirmed, and it is so ordered.