SYKES *v.* DREWRY.

5-1500                                                311 S. W. 2d 154

Opinion delivered March 17, 1958.

*D. B. Bartlett* and *Mark E. Woolsey,* for appellant.

*H. B. Covington,* for appellee.

MINOR W. MILLWEE, Associate Justice. This is an aftermath of *Drewry* v. *Sykes,* 226 Ark. 539, 291 S. W. 2d 258, and involves the extent of the liability of appellees, R. E. Larkey and L. R. Ray, as sureties on the supersedeas bond filed by appellees, L. E. Drewry and Harve Willis, as appellants on the former appeal.

In October, 1954, the a p p e l l a n t, Ralph Sykes, brought suit for dissolution, accounting and settlement of the affairs of a partnership composed of Sykes and the appellees, Drewry and Willis, for the purpose of operating a coal mine on a 40-acre tract belonging to Sykes in Johnson county. Sykes owned 5/8ths, Drewry 1/4th and Willis 1/8th interests in the partnership. On the former appeal we affirmed the action of the chancellor

in dissolving the partnership, ordering the sale of partnership assets and directing that net sale proceeds be applied as follows: First, the sum of $542.19 to creditors other than partners; second, the sum of $8,082.01 to appellant Sykes as a creditor; and third, that if any proceeds remained after discharging said liabilities, the court would make further orders of distribution. The court also directed that if sale proceeds were insufficient to pay all liabilities, said partners should contribute to the payment of the unpaid balance according to their respective interests in the partnership.

As appellants on the former appeal, Drewry and Willis executed and filed a supersedeas bond with Larkey and Ray as sureties, as follows:

## "BOND FOR SUPERSEDEAS

Whereas, the appellants, L. E. Drewry and Harve Willis, have taken an appeal from the decree of the Chancery Court, rendered on the 19th day of November, 1955, wherein the Court ordered the sale of the assets of the New Spadra Coal Company after advertisement for ten days by the Commissioner, and said appellants desire to supersede said sale until their rights may be determined by the Supreme Court of Arkansas:

Now, R. E. Larkey and L. F. Ray, as sureties, hereby covenant with said appellee that appellants will pay to appellee all costs that may be adjudged against appellants on such appeal, or, in the event of appellant's failure to prosecute said appeal to final judgment in the Supreme Court, or if said appeal shall be, for any cause, dismissed, that said sureties shall pay to appellee all costs, and shall perform the judgment of the Court appealed from; also that said appeal shall be prosecuted without delay; also that they will satisfy all damages to appellee during the pendency of this appeal should the decree of the trial court be affirmed."

After the filing of the mandate of this court on the former appeal a sale of partnership assets was held and subsequently confirmed at which appellant Sykes be-

came the purchaser for $2,750.00. On February 27, 1957, Sykes filed in the trial court his motion against appellees for summary judgment on the supersedeas bond alleging that, after deducting the net sale proceeds from the total partnership indebtedness, there remained a deficiency of $6,074.70, one-fourth of which Willis was obligated to pay, and one-eighth of which Drewry was obligated to pay, along with Larkey and Ray as sureties on the supersedeas bond; and that, in addition, appellant had since the original trial expended $255.51 for electric power and pipe fittings for the preservation of the partnership property. In an amendment to his motion, appellant also asserted that during the pendency of the former appeal he had been further damaged in the sum of $75.00 per month by reason of certain services performed by him necessary to preserve the property; and that he had been otherwise damaged in the sum of $300 per month because of the delay occasioned by the appeal. Appellant prayed for a supplemental decree fixing the amount allegedly due him from all the appellees for said items.

On July 23, 1957, appellees filed a motion to dismiss appellant's motion for summary judgment on the supersedeas bond on the ground that there was no monetary judgment awarded either in the trial court or this court on the former appeal, said judgment, and the supersedeas issued thereon, being only for the sale of the partnership property; and that appellant had no valid claim against appellees under said bond other than for actual court costs on the former appeal. The instant appeal is from a decree sustaining appellees' motion, and dismissing with prejudice appellant's motion for summary judgment on the supersedeas bond for all items except court costs.

For reversal appellant first contends that under our statutes and the language of the supersedeas bond the appellees, Larkey and Ray, as sureties, bound and obligated themselves for the full performance and satisfaction of the decree. Hence, says appellant, the sureties were rendered liable to appellant on his motion for judg-

ment in the sum of $2,278.01 which represents 3/8ths of the $6,074.70 deficiency remaining after applying the net sale proceeds to payment of partnership liabilities. Appellant relies on that portion of Section 5 of Act 555 of 1953 (Ark. Stats., Sec. 27-2121.1) which provides that a supersedeas bond, ''shall be conditioned for the satisfaction of the judgment in full, together with costs, interests, and damages for delay, if for any reason the appeal is dismissed or if the judgment is affirmed . . .'' Appellant overlooks other provisions of the same section relating to the amount of the supersedeas bond to be fixed to stay a sale of property, as well as Ark. Stats., Sec. 27-2125 which provides: ''The supersedeas may be issued to stay proceedings on a part of a judgment or order, in which case the bond shall be varied so as to secure the party superseded.'' There was no repeal of this section by Act 555 of 1953. Just as a party may appeal from any part of a decree or judgment under Sec. 3 of Act 555 (Ark. Stats., Sec. 27-2106.2), he may stay only a part of the judgment or decree under Sec. 27-2125, *supra*.

As the chancellor pointed out, there was no monetary judgment rendered on the former appeal. Also, there had been no sale of partnership assets when the original decree was rendered, and the preamble of the supersedeas bond provided for a stay of only the sale of the assets and there is nothing in the second paragraph of the bond that binds said sureties for the payment of the unascertained deficiency to which the other appellees were required to contribute. In this connection we have held that it is not within the province of this court to adjust the equities between the parties by marshaling the securities or assets for the benefit of sureties on the supersedeas bond, for that would amount to an exercise of original jurisdiction. *Kirby* v. *Young*, 145 Ark. 507, 224 S. W. 970. See also, *Stephens* v. *Shannon*, 44 Ark. 178, where it was held that summary judgment may be given against sureties on a supersedeas bond only for costs where a decree for plaintiff merely fixed a vendor's lien on land and there was no judgment against the appellants for the recovery of money. In the circumstances

presented here the chancellor correctly concluded that the sureties on the supersedeas bond were not liable to appellant for the amount of the deficiency of $2,278.01 alleged to be due by the two principal appellees.

This brings us to the question of the liability of the sureties for alleged damages caused by delay pending the former appeal. At the hearing on the motion to dismiss appellant's motion for summary judgment the chancellor declined to hear proof relating to such alleged damages. In sustaining the motion to dismiss without such proof the trial court, in effect, sustained a demurrer to appellant's motion for summary judgment on this feature of the case. On this point it is noted that the second paragraph of the supersedeas bond binds the present appellees to, "satisfy all damages to appellee (Sykes) during the pendency of this appeal should the decree be affirmed." Even where some particular element of recovery specified in the statute is not set out in the bond, this court has held that the provisions of the statute may be considered as written in it. See cases cited in *Dover* v. *Henderson,* 197 Ark. 971, 125 S. W. 2d 798. Since both the bond and the statute (Ark. Stats., Sec. 27-2121.1) cover damages for delay, we hold the trial court erred in summarily dismissing the motion for judgment on the bond without a hearing on this issue. To this extent the decree is reversed and the cause remanded for further proceedings to determine the amount of delay damages, if any, occasioned by the former appeal. In all other respects the decree is affirmed.